(Decided June 3rd, 1859.)

---

# ISRAEL RUSSELL vs. LEWIS McKENZIE.

In *replevin*, the defendant pleaded *non-cepit* and property in M. and B. It appeared that the defendant held the property *as agent* or *custodian* for M. and B., whose title was set up to defeat the action. M. was called as a witness for the defendant. HELD, that he was not a competent witness, by reason of his *interest* in the *result of the suit.*

Russell *vs.* McKenzie.

APPEAL from the Circuit Court for Washington County.

*Replevin,* brought on the 8th of October 1856, by the appellee against the appellant, for the recovery of a lot of pig iron, supposed to be about one hundred tons. Pleas, 1st, *non cepit;* and 2nd, property in Charles Mantz and Michael Byrne, and not in the plaintiff, to which the latter replied property in himself, on which issue was joined.

At the trial an exception was taken by the defendant, to the ruling of the court (PERRY J.) that said Charles Mantz was not a competent witness for the defendant. The facts of the case are sufficiently stated in the opinion of this court. The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Oliver Miller* for the appellant:

The true test of the interest of a witness is that laid down in 1 *Greenlf. on Ev., sec.* 390; "will he either gain or lose by the direct legal operation and effect of the judgment, *or will* the record be legal evidence for or against him in some other action?" This presents the question, what is the direct *legal operation* and *effect* of a judgment in replevin in Maryland, upon issues joined on the pleas of *non cepit* and property in a stranger? In the case of *The Cumberland Coal & Iron Co. vs. Tilghman,* will be found the last and most authoritative exposition of the law on this question. It is there said, the action of replevin is, in this State, "most *generally* resorted to for the purpose of trying the right of *possession* at the time of issuing the writ, and not necessarily the *absolute title* to the property for all time; whoever is entitled to the possession, whatever may be his *title in other respects,* may *maintain* or *defeat* the action of replevin." The only legal *effect* and *operation* of this *judgment,* therefore, in case it should be in favor of the defendant, would be to establish the fact, that at the time the writ issued, the *plaintiff* had *not* the *right of possession* of this iron. It would not determine what was the *extent* or na-

71     v. 13.

*ture* of the right which the defendant had, or that which Mantz and Byrne had; much less would it adjudicate an *absolute title* to the property in either of them. The witness would not, by the proposed testimony, be establishing his title or possession to the property, so far as the legal effect and operation of this judgment is concerned. The judgment would be for the return of the property to the defendant, from whose possession it was taken by the writ, but it would not decide the extent or nature of that possession, or whether Russell held it as the *agent* of Mantz and Byrne, or by virtue of an absolute title to the property in himself. The plaintiff fails in his suit, simply because he fails to sustain the *onus* assumed by him under his replication of proving the right of possession in himself:—this is the true and only issue in the case, and any person, *not a party to the record*, is a competent witness, for the defendant to prove *any fact* which shows that the plaintiff had not such right of possession. The plaintiff must make out his right of possession, not only against the defendant but also against every other person, and such other persons not being parties to the record, are competent witnesses to prove he has no such right, and it can make no difference, that a witness does this by proving title in himself or in some one else. For these reasons it is submitted, that this witness was not incompetent by reason of *interest in the result of the suit.*

It is also submitted, that the case of *Warfield & Mactier vs. Walter*, 11 *G. & J.*, 80, has decided that the witness, Mantz, is not *concluded* or *estopped* by the record in this case, in any future action involving the title to this property, and that the record in this case will not be legal evidence for or against him in any other action, and that he is, therefore, not an incompetent witness for this reason.

*R. H. Alvey*, for the appellee argued:

1st. That the witness was interested in the *event of the suit.* All the testimony in the case shows Russell, the defendant, to have been the mere custodiary of the property, the *agent* of Mantz and Byrne, holding the iron for them, and

that he made no claim to any right in the property himself. What then would have been the consequence of a verdict for the defendant? and what the legal effect and operation of such a verdict and judgment thereon? Certainly not to vest a title to the iron in the defendant, or give him a greater interest in it than he had before the action. His title to the property was not in issue and if he had obtained a verdict it would have been in consequence of the failure of the plaintiff to maintain and prove his right. The *onus* was on the plaintiff to make out his right and title, not only against the defendant, but as against every other person. 6 *H. & J.*, 469, *Cullum vs. Bevans.* In *Bowie vs. Bowie*, 1 *Md. Rep.*, 95, it is said: "The action of replevin, in this State, requires the plaintiff to prove his title to the property, and also his right of possession, at the time the writ issues." Upon the defeat of the plaintiff, then, in this case, the defendant would have become repossessed of the iron, not in his own right, but as the *agent* and custodiary for Mantz and Byrne, being the mere agent of Mantz and Byrne, his possession was, and would be, their legal possession. This would be the legal effect of the verdict and judgment for the defendant. Mantz, were he a witness, would be proving himself into both title and possession of the property—a thing sanctioned by no principle of law. The recovery in the suit, would be a recovery, in effect, to the use of the witness. 2 *Strob.*, 97, *Wilson vs. Douglas.* 12 *Ala.*, 768, *Wallace vs. Peck.* 5 *Taunt.*, 183, *Doe vs. Wilde.* 9 *Adol. & Ellis*, 662, *Doe vs. Birchmore.* 6 *Bing.*, 390, *Doe vs. Tyler.* 12 *Ala.*, 132, *Carter vs. Mundy.* 19 *Verm.*, 57, *Smith vs. Keeler.* 12 *Sme. & Mar.*, 223, *Lloyd vs. Goodwin.* Again, the defendant being thus the mere agent of Mantz and Byrne, he was brought into court as a party to this cause, not through any instrumentality of his own, but in consequence of his relation and undertaking to them. He would, therefore, be entitled to indemnity from his principals for his costs and expenses, incurred in attending to their interest and asserting their claim to the property. There is an implied promise to this effect, and it gives the agent a right of action against the principal. *Story's Agency, sec.* 339. 65

*Eng. C. L. Rep.*, 369, *Westropp vs. Solomon.* 4 *Bing.*
71, *Adamson vs. Jarvis.* 2 *Adol. & Ellis*, 57, *Betts vs. Gib-bins.* 17 *Johns.*, 142, *Coventry vs. Barton.* 2 *Johns. Cases*, 54, *Allaire vs. Ouland.* 14 *Pick.*, 174, *Avery vs. Halsey.* 5 *Binney*, 441, *D'Arcey vs. Lyle.* 1 *Greenlf. on Ev., secs.* 393. 395. If Mantz was thus liable to indemnify the defendant for the costs of this suit, it would seem most clear that he could not be a witness as proposed.

2nd. Would Mantz have any interest in the record in this case, as an instrument of evidence? That he would have such an interest, 1 think, is beyond doubt. The defendant held the iron for and under Mantz and Byrne, and was therefore in *privity* with them. Mantz and Byrne were represented, in fact, by the defendant, their agent. The record is therefore *conclusive* upon them, as much so as if they had been actual parties thereto. 1 *Greenlf. on Ev., sec.* 523. Mantz had notice of the pendency of the litigation, and could have participated in the trial and defence of the case. He was present at the trial and offered as a witness. Why then should he not be *concluded* by this record in any future action, involving the right to the iron in controversy? That he would be I contend with great confidence.

BARTOL, J., delivered the opinion of this court.

This is an action of replevin, brought by the appellee, to recover from the appellant one hundred tons of pig-iron; the defendant pleaded, 1st, *non cepit*, and 2ndly, property in Charles Mantz and Michael Byrne. The plaintiff joined issue on the first plea, and to the second replied property in himself, on which issue was joined. In the course of the trial a single exception was taken by the defendant, which is brought up for review on this appeal.

The plaintiff offered evidence tending to show his title to, and property in, the iron, under a contract between him and William Brown, the manufacturer, dated the 22nd of March 1856. The defendant gave evidence to prove, that on the 19th of September 1856, William Brown, the manufacturer, sold a part of said iron to Charles Mantz and Michael Byrne,

and on the 26th of September, sold to said Mantz and Byrne the residue of said iron; and that said Brown, after said sales to Mantz and Byrne, caused the said iron to be unloaded from the canal boat, and delivered to the defendant, Russell, to be by him forwarded to said Mantz and Byrne, or their order. And in the two receipts given by Brown to Mantz and Byrne, for the purchase money of said iron, which were also in evidence, the said Russell is designated as the agent of Mantz and Byrne, and the iron is stated to have been delivered to him in that character.

The defendant then offered to prove by Charles Mantz, several facts tending to show, that at the time of the institution of the suit, the property in the iron in controversy was not in the plaintiff, but in said Mantz and Byrne. Objection was made, by the plaintiff, to the competency of said Mantz as a witness, which objection the circuit court sustained, holding that he was incompetent.

We think there was no error in this ruling of the circuit court. The witness was manifestly interested in the result of the suit, and, therefore, inadmissible to testify for the defendant.

The evidence in the cause, adduced on the part of Russell, the defendant, showed, that he claimed no title to the property in dispute, but was the mere agent or custodian for Mantz and Byrne, whose title was set up to defeat the action. The immediate effect of a judgment for the defendant would have been, to restore the possession of the property to Russell, who would have held it, not in his own right, but as agent for Mantz and Byrne; his possession was their possession; a recovery by him would have been, in effect, a recovery for the use and benefit of the witness, who had thus a direct interest in defeating the action, and for that reason was incompetent to testify.

*Judgment affirmed.*

(Decided June 10th, 1859.)