GUSTAV ADOLPH BUILDING ASSOCIATION, No. 1, OF
BALTIMORE CITY *vs.* ALEXANDER KRATZ.

*Practice in Equity—Building Association Mortgage—When
One-Half Commissions allowed Trustee to sell Mortgaged
Premises—Order of Court giving Mortgagor Time to pay
amount found due, with Interest—Failure to pay Taxes—
Appeal from Order disallowing Commissions to a Trustee.*

K. being in default on a mortgage to a Building Association of
which he was a member, on petition of the mortgagee, the Court
passed a decree for sale, and appointed a trustee, who gave bond
and advertised the property for sale. K. then filed a petition,
alleging that he was not in default and praying an injunction to
restrain the sale. The injunction was ordered, and the case was
sent to the auditor, to state an account of what, if anything, was
due the mortgagee. On exceptions by K., it was HELD:

1st. That K. being in default, the property was properly advertised for
sale, and that the account-allowing the trustee one-half commis-
sions under rule of Court, and other costs incurred by the proceed-
ings, was correct; and that an order of Court thereon was properly
passed, in so far as it directed the mortgagee, upon payment to it of
the sum of money found to be due by the account, to release the
mortgage, and allowing to the mortgagee interest to date of pay-
ment; provided the payment was made within thirty days, until
which time the restraining order was continued.

2nd. That the failure by K. to pay taxes was such a default as justi-
fied the advertisement of the property for sale.

The disallowance to a trustee of commissions to which he is entitled,
is ground of appeal.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cross-interrogatory to the appellee, alluded to in
the opinion, was as follows: Have you paid State and
City taxes for 1876, 1877 and 1878, on the property in

question? Ans. No, sir. The exceptant objected to this cross-interrogatory, because, as he alleged, there was no proof that the taxes therein referred to were due and payable.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ROBINSON and IRVING, J.

*George G. Hooper*, for the appellant.

*Thomas R. Clendinen*, for the appellee.

IRVING, J., delivered the opinion of the Court.

It appears from this record that the appellant is a corporation, and that on the 29th of August, 1876, the appellee executed a mortgage to the appellant to secure eighteen hundred dollars advanced on twelve shares of the stock of the appellant. The appellee was a member of the corporation, and by the terms of his membership and the provisions of the mortgage, he was to pay to the appellant the weekly sum of six dollars, on every Thursday evening, until such time as the mortgagor should have eighteen hundred dollars to his credit by such payments, and the dividends passed to his credit. He was also to pay all ground rents and taxes, for which the property mortgaged "may become liable when payable."

There was a clause in the mortgage, consenting to decree for sale, "under the provisions of sections 782 to 792, inclusive, of Article 4, of the Public Local Laws of Maryland, and of Act 1864, ch. 124." This mortgage was duly recorded, and on the 8th of August, 1878, on the petition of the appellant alleging default, and asking decree, the Circuit Court of Baltimore City passed a decree for sale and appointed George G. Hooper, trustee. The trustee bonded and advertised the sale. Appellee then filed a petition alleging he was not in default, and

praying an injunction to restrain the sale. The injunction was ordered ; and the case was sent to the auditor " to take an account of what, if anything, was due the complainant."

Upon the auditor's report and statement being returned it was excepted to by the appellee, because it had allowed the trustee one-half commissions and other costs incurred by the proceedings in Court.

The Court sustained the exceptions, and passed an order disallowing the commissions and costs, and ratifying the auditor's account in all other particulars. The order further provided that the appellant " upon payment to it of the thirteen hundred and ninety-five dollars and twenty-nine cents, is hereby directed to release said mortgage, allowing credit for such portion of such costs herein disallowed, as have been paid by said Kratz, allowing interest also to date of payment, provided said payment is made within thirty days, until which time the restraining order is hereby continued."

It is from this order that appeal is taken, and these grounds of appeal are assigned in the appellant's brief:

1. That there was a default on the part of the appellee, and the trustee justifiably advertised the property, and therefore the auditor properly awarded the trustee one-half commissions, under the 39th Rule of the Circuit Court of Baltimore City, and the complainant the costs of the proceeding.

2. That the Court erred in giving time for the payment of the money by the defendant, which should have been required to be paid immediately.

3. That the order does not provide for interest on the appellant's debt until time of payment.

We will consider these positions in inverse order.

The order of the Court, in our opinion, by proper construction, does allow interest on the appellant's claim to date of payment. The manifest purpose of the order was

to provide for the deduction of such costs as had actually been paid by Kratz, and which that order disallowed to the appellant from the debt before interest was calculated. The striking out of the order of that provision for deduction of costs paid by Kratz, which this decision will require, will relieve the order of its supposed ambiguity.

The Court having taken charge of the matter, it was proper and according to practice to give the defendant a day to comply with the order, and the time given was not so unreasonable as to justify reversal because of it. It was, in fact, not a longer time than is usually allowed in cases of decree because of default in mortgage cases.

In respect to the first ground of error alleged, we think there was such default as justified the proceedings taken and the advertisement by the trustee of the property for sale, and that it was error in the Court below to disallow the commissions and costs allowed the appellant by the auditor, which disallowance could only be justified on the contrary theory. The computation, made by the auditor of the actual amount due the appellant on the mortgage, is not challenged, and it is not necessary for us to inquire whether any part of that sum was so far in arrear as to justify proceedings on the mortgage, inasmuch as there was a default which did justify what was done. The covenant of the mortgagor was to keep the taxes paid as they fell due. This he did not do. The appellee was notified that he had not paid them, and that they were overdue for two years. His reply was that he would not pay until he got ready. This he said to the trustee when he told him he must advertise if what was due, both of weekly dues and taxes, were not paid. In *Walker vs. Cockey*, 38 *Md.*, 75, this Court held that a failure to keep the property insured, as provided for in the covenant in the mortgage, was a default which justified proceeding under the mortgage. The default in this case was a violation of the covenant, and for the same reason justified the trustee in

advertising, after his interview with the appellee already alluded to. The objection of the appellee, that the evidence was insufficient to show taxes due, cannot be maintained. The mortgage recognized that the property would become liable for taxes, and the appellee, on being told they were due and in arrear for two years, did not deny it, but only said he would pay them at his pleasure.

In regard to the exceptions to testimony taken before the auditor, it is unnecessary to pass upon any except that which was made to the cross-interrogatory to Kratz, No. 62. That was clearly proper. It was an inquiry of the party defendant touching a matter directly involved and about which his admission was important and admissible evidence. It is admitted that Rule 39 of the Circuit Court of Baltimore City allows one-half commissions to trustees in all cases where payment is made after sale has been advertised, but before it is made. The sale having been advertised, and properly so, the trustee was entitled to his commissions as a matter of right, and the disallowance was error and good ground of appeal. The costs, from the allowance of which no appeal lies, and intended by the Court in *Cecil, Adm'r vs. Rose, et al.*, 14 *Md.*, 64, and *Crump's Case*, 42 *Md.*, 192, do not include commissions to trustees. It follows from what we have said that the auditor's report should have been ratified without striking anything from it, and that the order appealed from must be reversed, in so far as it did disallow costs and commissions included in the audit and did allow the appellee credit for any costs paid by him on the debt due the appellant. The cause will be remanded to the end that payment may be enforced according to the principles of this decision.

*Reversed with costs,*
*and cause remanded.*