# HYLAND P. STEWART, Trustee, *vs.* JAMES McCADDIN.

*Acquiescence of Appellant in Order Appealed Against—Failure to Pay Interest on Mortgage Debt When Due.*

A party cannot, on appeal, attack an order of Court under which, after taking the appeal, he acted and received benefits.

An injunction restraining a mortgagee from making a foreclosure sale on account of certain alleged defaults was issued under an order of Court which also provided that the injunction should not interfere with the foreclosure of the mortgage for any default thereafter occurring. The mortgagee appealed from this order and pending the appeal, he advertised the property for sale on account of a default which occurred after the passage of said order, and relied upon the same as his authority for so doing. *Held*, that since the mortgagee had thus acquiesced in the order restraining the first sale, and relied upon it in advertising the second sale, he cannot now be allowed to question the validity of that order, and his appeal therefrom will be dismissed.

When under the terms of a mortgage, the failure of the mortgagor to pay interest and taxes when due, makes the whole mortgage debt payable, the right of the mortgagee to foreclose on account of such non-payment is not divested by the subsequent tender of the interest and payment of the taxes.

*Decided January 8th, 1908.*

Appeal from Circuit Court No. 2, of Baltimore City (ELLIOTT, J.)

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER and BURKE, JJ.

*L. H. Riggs*, for the appellant.

*S. Gross Horwitz*, for the appellee.

BURKE, J., delivered the opinion of the Court.

On the 7th of February, 1906, James McCaddin executed and delivered to Hyland P. Stewart, trustee, a mortgage upon

certain property situated in Baltimore City to secure a loan
of four thousand dollars.

This sum was payable in three years from the date of the
mortgage, and was to bear interest at the rate of six per cent
per annum, payable half yearly.   The mortgage contained an
assent by the mortgagor to the passing of a decree for the sale
of the mortgaged property in accordance with sections 720 to.
730 inclusive, of the Act of 1898, ch. 123.

It is also provided that in case of any default being made in
the payment of the mortgage debt, principal or interest, in
whole, or in part, at the time or times limited and mentioned
for the payment of the same, or in case of any default being
made in any of the covenants, or conditions of the mortgage,
*then the whole mortgage debt secured should be deemed due and
payable*, and the mortgaged property might be sold by the trus-
tee named in such decree as might be passed under the assent-
above mentioned.   The mortgagor covenanted to pay, when
legally payable, all ground rents, taxes, assessments and public
charges and dues levied, or assessed, or to be levied or as-
sessed on the mortgaged· property.   One piece of property
embraced in the mortgage was sold by the mortgagor, and
the mortgage was released as to that part, and at that time
one thousand dollars was paid on account of the mortgage
debt.

On the 20th of April, 1907, the mortgagee filed a petition
in the Circuit Court No. 2, of Baltimore City, alleging that the
mortgagor had made default in the payment of interest on the
debt secured by the mortgage, and also in the payment of
taxes on the property, whereby, he alleged, that under the
terms of the mortgage the entire mortgage debt had become
due and demandable.   He filed the original mortgage with
the petition, and prayed that a decree might be passed for the
sale of the two remaining lots of said mortgaged premises in
accordance with the assent of the mortgagor contained in the
mortgage.   On the same day the Court passed a decree for
the sale of the property, and appointed Hyland P. Stewart,
trustee, to make the sale.   On the 10th day of May, 1907,

the mortgagor filed an answer to this petition in which he denied that there has been any default made by him in the payment of the interest as alleged, and stated that on the 9th day of April, 1907, he had tendered to the mortgagee a certified check of ninety dollars in payment of interest then due, which the mortgagee had refused to accept. He further stated that on April 9th, 1907, he paid the taxes for the year, 1905, on certain property mentioned in the mortgage, and that on June 6th, 1906, he paid the taxes for 1905 on certain other property included in the mortgage, and that on January 24th, 1906, he paid taxes for the year 1906 on both pieces of the property included in the mortgage, and that on April 25th, 1907, he had paid taxes on the mortgaged property for the year 1907. He, therefore, alleged that there was no arrearage of taxes upon any of said property conveyed to secure said debt. He then alleged that neither the principal nor the interest was then due, except the interest which he had tendered in the manner stated in his answer, and that the trustee had no right whatever to sell the mortgaged property or foreclose the mortgage as prayed for in his petition, or as provided by order of Court passed thereon on the 20th day of April, 1907. He filed with his answer the certified check referred to, which he alleges he had tendered to the mortgagee, and also the tax and water bills showing that they had been paid on the date mentioned. He asked the Court to rescind its order of the 20th of April, 1907, and to dismiss the petition of the mortgagee upon which the order was passed. He then filed a petition in which he refers to and reiterates the allegations of his answer, and prayed that the trustee may be enjoined from selling the mortgaged property under the decree of April 20th, 1907, or from foreclosing the mortgage, or proceeding in any manner with the foreclosure thereon. The Court ordered the injunction to issue upon the filing by the petitioner of an approved bond in the penalty of two thousand dollars. An approved bond was filed and the injunction was accordingly issued.

On June 19th, 1907, the trustee filed an answer to the appellee's petition for an injunction. In this answer is stated

with particularity the defaults of the appellee under the mortgage, and all the equities of the petition relied upon by the mortgagor for an injunction were directly denied.    This answer, which was under oath, stated that at the time of the execution of the motrgage, the mortgagor produced the tax bills for the year 1906, and stated that all back taxes were paid; that it was subsequently learned that none of the taxes for 1905 had been paid, and that the mortgagee immediately called the mortgagor's attention to the unpaid taxes, which he promised to pay; that after several reminders he did on the 6th of June, 1906, pay the taxes on certain of the mortgaged property located on Broadway, and on one of the Gay street properties; that he did not pay the taxes for 1905 on another one of the Gay street properties, and several times thereafter was requested by the trustee to pay said taxes and that finally sometime in the month of January, 1907, he was notified that unless said taxes were paid immediately the mortgage would be foreclosed.    That on February 7th, 1907, the sum of ninety dollars for interest was due upon said mortgage debt, which the mortgagor neglected to pay, and that on the 5th day of April, 1907, he was notified in writing that on account of his failure to pay the taxes on the property located at 803 Gay street for 1905, and the failure to pay the interest then two months over due, that the whole mortgage debt had become due and payable, and unless said mortgage debt was paid by the 12th day of April, 1907, foreclosure proceedings would be taken.    It is then alleged that on the 9th of April, 1907, the mortgagee tendered a certified check for ninety dollars, stating at the same time that he was willing to pay the back taxes, but was told by the mortgagee that it was now too late to do that; that the default had matured the mortgage, and that the mortgagee would insist that the mortgage debt should be paid by him, or by some one who would buy the mortgage; that the mortgagor stated that he could get some one to buy the mortgage, and thereupon the mortgagee replied that instead of foreclosing on the 12th of April, 1907, as he had notified him that he would do, he would wait an-

other week and give him another opportunity to make arrangements; that having failed to do anything whatever the foreclosure proceedings were instituted on the 20th day of April, 1907.

The trustee then moved for a dissolution of the injunction. This motion was set for a hearing, and on the 26th of July, 1907, the Court overruled the motion to dissolve, and continued the injunction in force "with this modification, however, that the said injunction shall in no wise interfere with the foreclosure of the mortgage mentioned in these proceedings for any default occuring after this date." From this order the appeal in this case was taken. No testimony was taken by either party at the hearing, and the motion to dissolve the injunction was disposed of by the Court upon the petition and answer, and the other papers then in the cause.

There were two clear defaults on the part of the mortgagor; first, the failure to pay the interest which fell due February 7th, 1907; and secondly, failure to pay the taxes. These defaults appear from the answer of the appellee to which we have referred, and are also relied upon in the answer of the trustee to the appellee's petition for an injunction. These defaults entitled the mortgagee to a decree for the sale of the mortgaged property under the terms of the mortgage. *Schooley* v. *Roman*, 31 Md. 574; *Condon* v. *Maynard*, 71 Md. 601; *Gustav Adolph Building Association* v. *Kratz*, 55 Md. 394; *Mobray* v. *Leckie*, 42 Md. 474. It was, therefore, error in the Court to have restrained the sale. *Union Trust Company* v. *Belvedere Co.*, 105 Md. 507. And, except for the subsequent conduct of the mortgagee and trustee with respect to the order appealed from, we would not hesitate to reverse it.

Another installment of interest on the mortgage debt fell due on August 7th, 1907, and was not paid, and the appellant, notwithstanding the fact that he had appealed from the order of July 26th, 1907, advertised the property for sale for that default under the authority of that order. He thus acquiesced in and invoked the authority of the very order from which he had appealed, and when the mortgagor applied for an injunc-

tion to restrain the sale, the appellant set up the order as evidence of his right to sell.    Under these circumstances, he cannot be permitted to question the validity of the order.    A party may either expressly or impliedly waive a right, or advantage, which he might have enforced in proper time and manner, *Belt, Administrator,* v. *Blackburn, Administrator,* 28 Md. 227.    The Court will not permit the mortgagee to rely upon and claim the benefit of the order appealed from, and at the same time to assail its validity.    A creditor who participates in the distribution under a deed of trust, will be held to have elected to abide by its validity.    *Horsey* v. *Chew,* 65 Md. 555; *Lanahan* v. *Latrobe,* 7 Md. 268.    And one will not be permitted to claim a distributive share of an insolvent estate, and at the same time impeach the adjudication in insolvency.    *Gottschalk* v. *Smith,* 74 Md. 560.

Upon the same principle the appellant, having subsequently to his appeal, recognized, relied upon and taken the benefit of the order of July 26th, 1907, will be held to have waived all objections which he might have successfully urged against it.    By availing himself of the benefit of the order he thereby elected to abide by its validity.    For these reasons the appeal will be dismissed.

> *Appeal dismissed, the costs in this Court*
> *to be paid by the appellant.*