# RICHARD S. CULBRETH

## *vs.*

# HENRY A. KRIES & SONS COMPANY ET AL.

*Right of Appeal—By Counsel of Party—Disallowance of Fee.*

Counsel employed by one of the parties to a receivership proceeding had no such interest in the case as to entitle him to appeal from an order sustaining exceptions to the allowance to him of a fee for services rendered by him which resulted in increasing the assets available for distribution.

*Decided January 17th, 1924.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

Petition by Richard S. Culbreth for the payment of a fee out of the fund in the hands of the receivers of the Frederick W. Lipps Company. From an order sustaining exceptions, filed by Henry A. Kries & Sons Company and others, to the allowance of such fee, said petitioner appeals. Appeal dismissed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Richard S. Culbreth,* for the appellant,

*Forrest Bramble,* with whom were *Barton, Wilmer & Barton* and *James J. McGrath* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

The appellant in this appeal was solicitor for W. R. Grace and Company, a corporation, which filed a bill of complaint against the Frederick W. Lipps Company of Baltimore City. The bill was filed by the plaintiff corporation, "acting on its own behalf, and on behalf of all others similarly situated who may come in and contribute to the expenses of these

proceedings"; it alleged that the defendant corporation was insolvent, and prayed for the appointment of a receiver and for the dissolution of said defendant corporation. Receivers were appointed and a large number of claims were filed against the insolvent estate, one of which was that of the Manufacturers' Finance Corporation for $290,233.23.

To this claim, and several others, exceptions were filed by appellees, as creditors, through Barton, Wilmer & Barton, their attorneys. These attorneys, together with the receivers, for more than a year were negotiating with the Manufacturers' Finance Corporation looking to a compromise. The testimony indicates that at one time they hoped to have the claim reduced by about one-half, and were informed that such a settlement had been advised by claimant's attorney. But these negotiations apparently failed. By reason of the delay Mr. Culbreth, who represented the plaintiff, one of the largest creditors, became impatient and undertook to make an analysis of the finance corporation claim, which resulted in the discovery that included in that claim was about twenty-three per cent. interest on a much larger original claim, amounting to more than two-thirds of the claim filed, which discovery he believed could be successfully used to bring about a satisfactory settlement, inasmuch as the charge of usurious interest, in his opinion, endangered the claim not only to the extent of the overcharge of interest, but for the full amount, and possibly made claimant liable for a large sum which it had already collected by the sale of certain collateral.

Whereupon he, in the name of his client, filed a petition setting out the facts, citing section 124 of article 23 of the Code, and suggesting that it would be convenient to have decided the questions of law involved before any evidence was taken, the questions of law being: (a) Are said loans and said security absolutely null and void? (b) If said loans and said security are not absolutely null and void, to what extent, if any, are they null and void? On which petition

the Court ordered that said questions be raised for the opinion of the court and that a copy of the petition and order be served on said claimant.

Some months later the receiver filed a petition reporting to the court that they had been advised by the solicitors for W. R. Grace and Company and for Manufacturers' Finance Corporation "that they have agreed to settle and compromise the matters in dispute between them by the deduction of the sum of $125,000 from the amount of the claim of said Manufacturers' Corporation as filed in the cause, said agreement having been made subject to the approval of this honorable court"; that the receivers "deem a settlement on the aforesaid terms to be advisable and recommend the approval thereof by" the court. A formal approval was also filed by Mr. Culbreth as solicitor for W. R. Grace & Company, and by the solicitors for the Finance Corporation; and the court so ordered.

Whereupon Mr. Culbreth filed a petition in which he set out the facts hereinbefore recited; that the result of the settlement obtained by him "is to reduce the claim of Manufacturers' Finance Corporation from $290,733.23 to $165,-733.23, and its dividend from $74,707.25 to $42,593.44, thereby increasing the fund for distribution $32,113.81, and reducing the total amount of claims from $788,938.48 to $663,938.48. That your petitioner has received no compensation for said services; and while his client is able and willing to compensate him, yet your petitioner respectfully submits his services were for the benefit of all the creditors other than Manufacturers' Finance Corporation, and his compensation should be paid out of the fund." The prayer of the petition was that petitioner "be allowed reasonable compensation out of said fund for said services."

The court allowed a fee of $3,500 to appellant, subject to exceptions. Exceptions were filed to this allowance in the audit and the court sustained the exceptions. Whereupon this appeal was taken.

A motion was duly filed to dismiss the appeal, on the ground: 1. That the appellant is not a party of record to the proceedings in which the order was passed from which the appeal was taken. 2. That he has no such interest in the subject matter in controversy, as is contemplated by the Code, art. 5, sec. 26.

That section is as follows: "An appeal shall be allowed from any final decree or order in the nature of a final decree passed by a court of equity by any one or more of the persons parties to the suit, etc." In *Hall* v. *Jack,* 32 Md. 253, it was held that this provision of the Code cannot be construed as restricting the right of appeal in all cases to such persons only as are *technically* parties to the suit; but that it contemplates all persons who are directly interested in the subject matter of the decree. Obviously the appellant was not a technical party to the suit. Had he, then, a direct interest in the subject matter of the order appealed from?

The subject matter was the insolvent estate of the defendant in that case.

It is contended with much force by appellant that his client, the plaintiff, having instituted the suit, "acting in its own behalf, and on behalf of all others similarly situated who may come in and contribute to the expenses of these proceedings," it was the right, as well as the duty, of counsel for plaintiff to control the suit, if not absolutely, at least to the extent of protecting the estate against improper claims.

If that was the duty of counsel for plaintiff it was such in his capacity *as counsel for plaintiff,* and because it was the duty of *plaintiff.*

Assuming all that to be true, and assuming further, without deciding, that the services rendered by counsel for plaintiff in this case came within the principle of the decisions in *Davis* v. *Gemmell,* 73 Md. 530, and *Terminal Heating Co.* v. *Whitelock,* 120 Md. 408, possibly *plaintiff,* in the character of a *quasi-trustee,* might properly have asked for an allowance out of the common fund for expenses, including

counsel fees, incurred by it in protecting the common interest of a class.

But it does not follow that *counsel* could, as a matter of right, make such request in his own behalf and thus acquire an interest in the subject matter of the suit. He was not employed by any one except the plaintiff, and he could look to no one but the plaintiff for compensation. It is true that a practice has grown up of allowing fees in certain cases on application by counsel, but this Court has more than once expressed disapproval of such practice.

In *Davis* v. *Gemmell,* 73 Md. 565, JUDGE MILLER, who filed a separate opinion, in speaking of counsel fees, said: "The claims for these allowances are not made by petitions filed by their client, according to the usual practice, but by petitions filed by themselves in their own names; and it is only by treating them as *bona fide* assignees of their proportional parts of the judgment, as specified in the contracts for their contingent fees, that relief can be granted them."

This Court, through CHIEF JUDGE BOYD, said in *Marshall* v. *Dobler & Mudge,* 97 Md., at page 558, *that* was the theory on which the allowances were made in the Gemmell case. It is to be noted that there is nothing in the record in the present case to indicate that there was any such contract between appellant and his client.

It is also to be noted that neither in the Gemmell case nor in the Heating Co. case were counsel *appellants.*

In our opinion the question is concluded by the cases of *Marshall* v. *Dobler & Mudge, supra,* and *Karr* v. *Shirk,* 142 Md. 118, and the appeal must be dismissed.

*Appeal dismissed, with costs to appellees.*