JAMES W. BOWERS ET AL. *vs.* MORRIS A. SOPER ET
AL., TRUSTEES, ET AL.

*Right of Appeal—Sale of Trust Property—Distribution of
Proceeds—Estoppel—Previous Decision on Appeal—
Conclusiveness.*

Counsel for one of the parties to a proceeding for the sale of
property have no such interest as entitles them to appeal from
an order overruling their exceptions to the auditor's disallow-
ance of a fee claimed by them.                              p. 697

A beneficiary under a trust who requests that funds arising
from a sale by the trustees be distributed in accordance with an
audit, with which request the trustees comply, is estopped to ap-
peal from an order ratifying the audit.                     p. 697

A decision, on an appeal by a beneficiary under a trust, which
reverses an order ratifying a sale by the trustees, but provides
that the title of the purchaser shall not be affected by such re-
versal, is conclusive as against the same beneficiary, on a sub-
sequent appeal by him from an order directing the trustees not
to proceed against the purchaser, the order being questioned
on the theory that the sale was invalid.               pp. 697, 698

The rule that the title acquired at a judicial sale will be
invalidated by the reversal of the order of ratification, even
though no appeal bond was filed, if there was unfairness in
the making of the sale, does not apply merely because the trus-
tees, acting in the honest exercise of their judgment, failed to
offer the property under favorable conditions.             p. 698

A beneficiary under a trust, who consents that the proceeds
of a sale of trust property be distributed in accordance with
an audit, which has been ratified by the court, and who shares
in such distribution, cannot appeal from an order instructing
the trustees not to question the title of the purchaser, from
whom the audited purchase money was received.              p. 699

*Decided June 30th, 1925.*

Appeal from the Circuit Court of Baltimore City (Gor-TER, C. J.).

Exceptions by Henry Shirk and James W. Bowers to an audit accounting for and distributing the proceeds of a sale, by Morris Soper and others, trustees, of certain trust property. From an order ratifying the audit, and directing the trustees to institute no proceedings against the purchaser, said exceptants appeal. Appeal dismissed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*David Ash* and *Henry Shirk,* for the appellants.

*Roszel C. Thomsen* and *Joseph Addison,* with whom were *Clarence A. Tucker* and *Bowie & Clark* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

In the case of *Shirk v. Soper et al., Trustees,* 144 Md. 269, an order ratifying a sale of certain real estate by the trustees was reversed on the ground that the sale was made for an inadequate price, but the opinion of this Court stated that the reversal would not "affect any right which the purchaser may have in the property sold under the decree." The reason for this reservation was that no appeal bond had been filed, and the lower court had provided that the operation of the order ratifying the sale should not be stayed by the appeal. The discretionary power of the court to so limit the effect of such an appeal is expressly conferred by article 5, section 33, of the Code. In view of that statutory provision, as construed and applied in prior decisions, we were constrained to hold that the rights of the purchaser were unaffected by the reversal of the order ratifying the sale. The question was fully discussed in the opinion, delivered by Judge Offutt, which recognized the possibility of hardships

resulting from the existing statute, but stated our inability to prevent such consequences of its operation.

After the case had been remanded, an audit was filed accounting for and distributing the proceeds of the ratified sale which the appeal had disputed. Exceptions to the audit were filed by Henry Shirk and James W. Bowers, as attorneys and solicitors, because of the disallowance of their claim of compensation for professional services in Mr. Shirk's individual interest in the course of the proceedings. Mr. Shirk also, by virtue of his personal interest in the trust estate, excepted to the audit on the theory that no title had passed to the purchaser, and, therefore, no part of the purchase money should be included in the audit for distribution. The exceptions were overruled, and from an order ratifying the audit and directing the trustees, on their petition for instructions, to institute no proceedings against the purchaser, an appeal was taken by the exceptants.

By a motion to dismiss the appeal it is shown, without denial, that after the ratification of the audit, Mr. Shirk wrote a letter to the trustees, requesting the distribution of the money "as audited," and that the trustees accordingly disbursed the funds.

As counsel for one of the parties, Messrs. Bowers and Shirk have no such interest in the case as entitles them to appeal from the order overruling their exceptions to the auditor's disallowance of the fee which they claimed. This is definitely settled by the decisions in *Culbreth v. Kries,* 144 Md. 497; *Karr v. Shirk,* 142 Md. 118; and *Marshall v. Dobler & Mudge,* 97 Md. 555.

Any right which Mr. Shirk may have had, in his individual capacity as a party, to appeal from the order ratifying the audit, has been waived by his request, with which the trustees complied, that the funds be distributed as the audit prescribed. Upon the plainest principles of estoppel, he is prevented from successfully disputing a disposition of funds thus made with his consent. The question sought to be presented by his appeal from the order directing the trustees

not to proceed against the corporation from which they re-
ceived the audited purchase money is concluded by the de-
cision on the appeal from the order by which the sale was
confirmed.   It is argued that the question is subject to the
principle of a ruling in the later case of *Herman v. Mondaw-
min Building & Loan Assn,* 145 Md. 480.   The statutory
rule that an appeal from a decree in equity shall not suspend
its operation, unless a bond be given as required by law, was
held in that case not to be "available to protect a title vested
under a purchase which has been unfairly accomplished."
The opinion cited the cases of *Raith v. Building & Loan
Assn.,* 140 Md. 546; *Garritee v. Popplein,* 73 Md. 324, and
*Lenderking v. Rosenthal,* 63 Md. 28, as authority for the
proposition that the title acquired by a purchaser will not
be defeated by a reversal of the decree of sale or the order
of ratification, on an appeal prosecuted without the filing
of an appeal bond, unless there was "unfairness or collusion
in making the sale by the trustee," and the conduct attributed
by the evidence to the purchaser in the Herman case was held
to bring it "within the reason and equity of the principle
upon which the exception to the general rule is based."   In
that case the purchaser obtained the property for an in-
adequate price by interfering with the freedom of compe-
tition at a sale under a mortgage.   No improper conduct
prejudicing the sale is imputed to the purchaser in the pres-
ent case, and no unfairness is attributable to the trustees.
They acted in the honest exercise of their judgment, but, in
the opinion of this Court, the property was not offered for
sale under favorable conditions.   The record on the former
appeal required us to hold that the rights of the purchaser
under the ratification of the sale were not affected by our
decision of the case, and we find no occasion on the present
appeal to change that conclusion.   But as to this question also
Mr. Shirk must be held to have waived his right of appeal
by his consent to the disbursement of the proceeds of sale in
pursuance of the audit after its ratification by the court.
As one of the persons entitled to the trust estate, he was

benefited by the distribution of the money which the purchaser had paid. The exceptions to the audit were based in part upon the theory that the distribution of the fund would preclude any action by the trustees in derogation of the sale which they had reported and which the court below had approved. Upon that obviously just theory the agreement of Mr. Shirk to the disbursement as audited of the money received from the purchaser is a bar to this appeal from an order instructing the trustees not to question the purchaser's rights.

*Appeal dismissed.*