# FIRST MARYLAND LEASECORP v. CHERRY HILL SAND & GRAVEL CO., INC.

[No. 1151, September Term, 1981.]

*Decided May 6, 1982.*

The cause was argued before MASON, MACDANIEL and BISHOP, JJ.

*Lawrence J. Gebhardt,* with whom were *Brian C. Parker* and *Gebhardt & Smith* on the brief, for appellant.

*Douglas G. Worrall,* with whom were *Smith, Somerville & Case* on the brief, for appellee.

BISHOP, J., delivered the opinion of the Court.

The appellee filed suit against the appellant by way of a three-count amended Bill of Complaint ultimately refined to the single count for reformation of a contract in the form of a lease agreement between the parties. The Circuit Court for Baltimore City decreed reformation of the contract. The appellant subsequently entered a suit based on that decree against the appellee in the Circuit Court for Howard County.

We will not decide any of the three issues raised by the appellant since we grant the appellee's motion to dismiss because a party may not appeal a decree of one court and at the same time use that decree as the basis of an action in another court.

## Facts

The appellee, a contractor, by a lease agreement dated February 8, 1974, agreed to lease certain pieces of heavy construction equipment from the appellant. On a schedule dated January 30, 1975, added to the lease agreement of February 8, 1974, a Caterpillar Model No. 235 Excavator was included in the lease. Also included in the schedule was an option agreement having to do with the disposition of the 235 Excavator upon the termination of the lease. This option agreement was the subject of the reformation action. The Circuit Court of Baltimore City reformed the option agreement to provide:

> "Purchase Option Agreement — the Lessee shall have the option, at the expiration of the term of this lease, to purchase from the Lessor the equipment covered hereby for a sum of $9,490.93. At the option of Lessor, at the expiration of the term of this lease, Lessee shall be required to purchase the equipment covered hereby for the sum of $9,490.93. Should neither option granted hereunder be exer-

cised, the Lessor may elect to sell or otherwise dispose of said Equipment to a third party."

### Motion to Dismiss

On June 30, 1981, the appellant filed an appeal to this Court from the above order. Less than seven months later, on January 21, 1982, the appellant filed suit against the appellee in the Circuit Court for Howard County. The Bill of Complaint alleged that following the purchase and resale by the appellee of two graders which were other equipment covered by the lease agreement of February 8, 1974 the appellant acceded to the request of the appellee to reduce the lease payment believing "that it would be entitled to and would receive at the end of the lease term the residual value attributable to the Caterpillar excavator when the lease term expired." Using as a basis the very order of the Circuit Court of Baltimore City which is the subject of this appeal, the appellant in the Howard County action states:

"6. As a result of the actions of Defendant in instituting the suit in the Circuit Court for Baltimore City and as a result of the decree of the Circuit Court for Baltimore City reforming the Equipment Lease to include an option on the part of Cherry Hill to purchase the three (3) items of equipment, a material assumption of Plaintiff in agreeing to reduce the monthly rental payments due from Cherry Hill over the term of the lease proved false and incorrect and Plaintiff, in consequence, was mistaken as to a material fact in connection with its agreements to reduce the monthly rental payments due from Cherry Hill under the Equipment Lease after the sale of the two (2) motor graders and rippers.

7. To permit Defendant to have the benefit of Plaintiff's agreements to reduce the rentals due over the term of the Equipment Lease is unconscionable and would permit Cherry Hill to reap a windfall on the basis of a material mistake

made by Plaintiff in agreeing to reduce the rental payments, particularly in light of the fact that Plaintiff received no material benefit or other consideration for its agreements to accept reduced rental payments.

8. The mistake made by Plaintiff did not result from any violation by Plaintiff of a positive duty owed to Defendant or from any culpable negligence on the part of Plaintiff and resulted solely from the entry of the decree from the Circuit Court for Baltimore City reforming the Equipment Lease to include a term which Plaintiff, in agreeing to accept reduced rentals, did not know would be included in the Equipment Lease at the end of the lease term."

The Bill of Complaint concludes with prayers for recision of the agreement to reduce the monthly rentals, for the award of $14,240.04 in damages representing rentals still due because of the reformation, for interest and costs and expenses.

In *Stewart v. McCaddin*, 107 Md. 314 (1908), *Stewart,* trustee under a mortgage foreclosure appealed an order refusing his motion to dissolve an injunction prohibiting the sale. Although the lower court overruled the motion it continued the injunction in force "with this modification, however, that the said injunction shall in no wise interfere with the foreclosure of the mortgage mentioned in these proceedings for any default occurring after this date." *Id.,* p. 318. When a subsequent default did occur the trustee, the appellant, advertised the property for sale under that order's authority. The Court of Appeals held:

"He thus acquiesced in and invoked the authority of the very order from which he had appealed, and when the mortgagor applied for an injunction to restrain the sale, the appellant set up the order as evidence of his right to sell. Under these circumstances, he cannot be permitted to question the validity of the order. A party may either expressly or impliedly waive a right, or advantage, which he might have

enforced in proper time and manner. *Belt, Administrator v. Blackburn, Administrator,* 28 Md. 227. The Court will not permit the mortgagee to rely upon and claim the benefit of the order appealed from, and at the same time to assail its validity.

\* \* \* \* \*

"... the appellant, having subsequently to his appeal, recognized, relied upon and taken the benefit of the order of July 26th, 1907, will be held to have waived all objections which he might have successfully urged against it. By availing himself of the benefit of the order he thereby elected to abide by its validity. For these reasons the appeal will be dimissed." *Id.,* 318, 319.

Maryland's highest appellate court has also held that a party may not maintain an appeal from an order ratifying an audit and at the same time require and receive his share of the funds distributed under the audit which is the subject of the appeal. *Bowers v. Soper,* 148 Md. 695. At 697 the Court stated,

"Any right which Mr. Shirk may have had, in his individual capacity as a party, to appeal from the order ratifying the audit, has been waived by his request, with which the trustees complied, that the funds be distributed as the audit prescribed. Upon the plainest principles of estoppel, he is prevented from successfully disputing a disposition of funds thus made with his consent."

A party cannot treat as conclusive that part of a decree with which he is in agreement and appeal another part with which he is not in accord. *Kicherer v. Kicherer,* 285 Md. 114, 400 A.2d 1097 (1979). At page 118 the Court of Appeals stated this principle with the following language:

"In the case now before us, each guardian-designate, after filing a notice of appeal, signified his acceptance of the trial court's decree

and his appointment under it by submitting his bond, thereby qualifying as, and becoming, a guardian. *See* Md. Code (1974), § 13-206 (a) of the Estates and Trusts Article. Having acknowledged the conclusiveness of the portion of the decree that was in accord with his wishes, neither fiduciary can now complain on appeal concerning the component of the order that, contrary to his preference, designates a co-guardian. Thus, even assuming that the adversary guardians here could obtain review of the issues they seek to prosecute in this appeal, each has forfeited his right to present further his contentions and we will dismiss the appeals as moot. Md. Rule 835 a 6."

Stated another way under different circumstances, ". . . an appellant cannot take the inconsistent position of accepting the benefits of a judgment and then challenge its validity on appeal." *Acting Dir., Dept. of F. & P. v. Walker,* 271 Md. 711, 716 (1974). However, as Judge Smith pointed out in that case in quoting from *Shapiro v. Md. Nat. Park Comm.,* 235 Md. 420, 201 A.2d 804 (1964):

> "This is the general rule. (Citations omitted). There is an exception to this rule 'where the right to the benefit received is conceded by the opposite party, or where the appellant would be entitled thereto in any event'. . . ." 271 Md. at 716.

In its reply brief appellant in response to the Motion to Dismiss exhorts,

> "Leasecorp denies that any such purchase option was intended or that any mistake was made by it."

Yet in the original Bill of Complaint filed in the Circuit Court for Howard County the appellant pleads,

> ". . . and Plaintiff, in consequence, (of the decree under appeal) was mistaken as to a

> material fact in connection with its agreement
> to reduce monthly rental payments. . . ."

and further that it

> ". . . is unconscionable and would permit
> Cherry Hill to reap a windfall on the basis of a
> material mistake made by plaintiff in agreeing
> to reduce the rental payments. . . ."

In addition, on the same page of the reply brief containing the above exhortation the appellant states that it agreed to the sale of the two graders and the rent reduction

> ". . . on the assumption that it would receive the
> residual value attributable to the Excavator at the
> end of the lease."

A careful reading of the amended complaint makes it clear to this Court that the basis for the action is the reformation decree. It is clear that the basis for the "material mistake made by the plaintiff in agreeing to reduce the rental payments" is based on the reformation of the option agreement in the decree. The appellant cites *Franzen v. Dubinok,* 290 Md. 65, as authority for the general rule "that a party may lose the right to appeal if that party voluntarily and intentionally accepts a benefit from, acquiesces in, or recognizes the validity of the judgment or decree being appealed or acts in a manner inconsistent with the maintenance of an appeal." The *Franzen* court cited and quoted this general rule from *Rocks v. Brosius,* 241 Md. 612, 630, 217 A.2d 531, 541 (1966) and concluded,

> ". . . that a voluntary act of a party which is
> inconsistent with the assignment of errors on
> appeal normally precludes that party from
> obtaining appellate review."

The four part test set out in *Rocks, supra,* is in the alternative. It provides that if the appellant 1) accepts a benefit from *or* 2) acquiesces in *or* 3) recognizes the validity of the judgment or decree *or* 4) acts in a manner inconsistent with

the maintenance of the appeal, the appeal must be dismissed.

The appellant first argues that it "has not voluntarily and intentionally received a benefit from the reformation decree," and asservates that in Maryland there has never been a dismissal of an appeal because of waiver or estoppel "except where the appellant has purposefully sought and actually received a benefit or right specifically provided in the very order being appealed." In *Stewart, supra,* the Court of Appeals did not decide the case on the basis of the actual receipt of a benefit but rather the acquiescence in and the invocation of the authority of the order which was the subject of the appeal. The "benefit" to which the Court of Appeals referred in *Stewart* was the use which the appellant made of the order in exerting his right to sell the property after the default, subsequent to the order. In *Stewart* there had not been a sale but only an advertisement of the sale of tbe property under the authority of the order from which the appellant appealed. There may be either express or implied waiver. 107 Md. at 319.

In *Bowers,* although funds were distributed, the waiver was based on "his request . . . that the funds be distributed." Mr. Shirk certainly received a financial benefit in *Bowers* but the waiver was not based on the financial benefit but rather on his acquiescence, invocation and recognition of the order ratifying the audit. Although the *Bowers* court went on to point out that "upon the plainest principles of estoppel" the appellant

> ". . . is prevented from successfully disputing a
> disposition of funds thus made with his
> consent",

the waiver was based upon his request that the funds be distributed and, therefore, upon his invocation of the authority of the order and not the result brought about by the invocation of the order. *See Bowers, supra,* at p. 697.

In *Kicherer, supra,* the Court concluded that the two co-guardians after accepting their appointments could not maintain appeals contesting the appointment of each other

when the subject of the appeal was the very order under which they accepted their respective appointments. The waiver in *Kicherer* was not based on the *fact* that each had been appointed co-guardian but rather on the *acceptance* by each of them of their respective co-guardianships.

The final argument of the appellant on the Motion to Dismiss is that it "has not acquiesced in or recognized the validity of the reformation decree or acted in a manner inconsistent with this appeal." Based on our review of the law and a careful reading of the amended complaint, it is clear to us that the appellant has performed "a voluntary act ... which is inconsistent with the assignment of errors on appeal (which) precludes that party from obtaining appellate review." *Franzen, supra,* at p. 69.

The appellant's arguments, *supra,* are totally inconsistent with the allegations made in the amended complaint, *e.g.:*

"5. On June 8, 1981, in a suit instituted by Defendant against Plaintiff in the Circuit Court for Baltimore City entitled *Cherry Hill Sand & Gravel Co., Inc. v. First Maryland Leasecorp* (A-59669/A-321/1980) *after Defendant refused to return the Excavator to Plaintiff at the end of the lease term and denied Plaintiff's right to the residual value of the Excavator,* the Circuit Court for Baltimore City reformed the Equipment Lease on the basis of a mutual mistake of fact to include Paragraph 5 of Schedule 3 an option on the part of Cherry Hill to purchase all three (3) items of equipment for the sum of Nine Thousand Four Hundred Ninety Dollars and Ninety-Three Cents ($9,490.93). A true and accurate copy of the decree order of the Circuit Court for Baltimore City is attached hereto as Exhibit 3, and incorporated by reference herein. *Plaintiff contends that the decision of the Circuit Court for Baltimore City is incorrect and is in error, and* Plaintiff has appealed the entry of this decree to the Maryland Court of Special Appeals.

6. As a result of the actions of Defendant *in challenging and contesting Plaintiff's right to the residual value of the Excavator and* in instituting the suit in the Circuit Court for Baltimore City and as a result of the decree of the Circuit Court for Baltimore City reforming the Equipment Lease to include an option on the part of Cherry Hill to purchase the three (3) items of equipment, a material assumption of Plaintiff in agreeing to reduce the monthly rental payments due from Cherry Hill over the term of the lease proved false and incorrect and Plaintiff, in consequence, was mistaken as to a material fact in connection with its agreements to reduce the monthly rental payments due from Cherry Hill under the Equipment Lease after the sale of the two (2) motor graders and rippers."

The foregoing excerpt clearly establishes that the appellant has, at the very least, acted in a manner inconsistent with the maintenance of the appeal to attempt to obtain a benefit from the reformation decree that is the subject of this appeal. This action of the appellant is an acquiescence in and a recognition of the validity of the decree for its own purposes while it is at the same time attacking that very validity in the Court. This we cannot permit.

Although, because of the foregoing, we do not reach the substantive questions raised in this appeal, our review of the evidence and the law leads us to believe that the action of the trial court would have been affirmed had we decided the substantive questions.

*Appeal dismissed; costs to be paid by appellant.*