MARY G. ARMSTRONG

*v.*

THE DOUGLAS PARK BUILDING ASSOCIATION.

*Opinion filed October 24, 1898—Rehearing denied December 20, 1898.*

1. JUDGMENTS AND DECREES—*defendant may show that decree pro confesso was not justified by the averments.* On appeal from a decree *pro confesso* the defendant may show that the decree was not justified·by the averments of the bill.

2. LOAN ASSOCIATIONS—*stockholder not liable for fines after forfeiture of stock.* Where a loan association elects, under its contract, to forfeit its member's stock for non-payment and to declare the debt due, the shareholder's relation as a member is thereby terminated, and he should not be charged with subsequent fines.

3. WAIVER—*what not a waiver or right to assign error on decree.* Payment of a deficiency decree, by a mortgagor, under stress of a supplemental decree, in order to procure her discharge and regain the possession of her property from a receiver, does not waive her right to assign error thereon.

BOGGS, J., dissenting.

*Armstrong* v. *Douglas Park Building Ass.* 60 Ill. App. 318, reversed.

APPEAL from the Appellate Court for the First Dis-. trict;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN G. MANAHAN, and CHARLES H. ROBERTS, for appellant.

LYMAN M. PAINE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On April 29, 1893, the appellant gave her bond and mortgage to the appellee, the mortgage reciting that it is conditioned on the payment of $2300 borrowed on twenty-three shares of stock, which is to be paid in monthly installments, from May 1, 1893, of principal $11.50 and interest $15.34, and to continue until said shares shall attain the value of $100 each. The mortgage is also conditioned as follows: "It is expressly agreed that * * * for six months' default in the payment of any of the sums of money payable by the terms of said bond, the above mentioned stock may be forfeited and said loan declared due and this mortgage foreclosed." It also provides for the payment of fines for non-payment of monthly installments when due; for taxes, assessments, insurance, and an attorney's fee of $50 in case of foreclosure.

No principal or interest having been paid, on November 29, 1893, the board of directors of appellee declared the loan due and directed a foreclosure of the mortgage. On January 4, 1894, the bill to foreclose the mortgage was filed in the usual form, averring a failure to pay fines assessed and any installment of principal or interest; a declaration of the maturity of the debt, and reciting that the by-laws of appellee provided for a fine of five cents on each share for default in the payment of either the subscription or interest installment as it falls due, which fines were assessed, whereby the mortgagor was indebted on the bond and mortgage $2300, for interest $138.06, for fines $18.40, making, in the aggregate, $2456.46. The bill also alleges that appellee had to pay $150 for taxes and insurance and was entitled to $50 attorney's fee. The bill also alleges the insolvency of defendant, that the property was scant security, and prayed for the appointment of a receiver, etc.

The defendant was personally served, and for want of answer was defaulted on January 17, 1894. The cause was referred to the master, who reported finding the board of directors had declared the debt due; that there was due of principal $2300, interest $138.06, and fines $20.70; that the amount advanced for taxes and assessments was $85.92 and a reasonable solicitor's fee was $50, making a total of $2594.68, for which amount a decree was recommended, which was entered on January 27, 1894, providing for a sale in five days in default of payment. The decree did not provide for the appointment of a receiver. On February 24, 1894, a sale of the premises, which were the home of the defendant, was made, under the decree, to the complainant for $2475. After the sale, the master, on March 10, 1894, reported a deficiency, including all costs, of $205.58, for which a supplemental decree was entered and an order made, without notice to defendant, appointing a receiver to take possession of the property, collect rents and apply the same to keeping the premises insured and in repair, and to pay taxes and assessments against the same. The receiver, under such order, ousted the defendant and her tenants from the premises and took possession thereof by one Wendroth, to whom, as appears by affidavits filed in support of the motion to discharge the receiver, the complainant had sold the property for $2250 on May 1, 1894. On May 26, 1894, the receiver was ordered by the court to deliver said premises to defendant on the payment of $207.58 and costs $74.48, which amount was borrowed by defendant and paid as provided by such order, and some weeks thereafter she received possession.

The Appellate Court has affirmed the decree on the ground it was entered *pro confesso.* It may be shown by defendant in such a decree that it is not justified by the averments of the bill. (*Gault* v. *Hoagland,* 25 Ill. 266.) The bill was based on the bond and mortgage, which, as exhibits, were made a part thereof by reference. They con-

trol the allegations of the bill. (*Greig* v. *Russell*, 115 Ill. 483; *North* v. *Kizer*, 72 id. 172.) They show monthly payments of interest and principal were to begin May 1, 1893. The maturity of the debt was declared by the resolution of the board of directors on the 28th day of November, 1893. There were only six installments due at that time. There were twenty-three shares of stock, and the by-laws provided for a fine of five cents on each share for default in monthly payment of subscription or interest installments, or ten cents per month on each share for six months, which, from May 1 to November 1, 1893, would aggregate $13.80 instead of $20.70, as decreed. As stated heretofore, the contract in the mortgage was, that for six months' default the association could forfeit the stock and mature the debt, and then foreclose. The right to foreclose was dependent on the forfeiture and maturity of the debt. That was the agreement, and that was the effect of the action of the board of directors as the matter was treated in the arguments. If it did not have the effect to forfeit the stock and mature the debt then there was no right to foreclose. The effect, therefore, of such action was to sever the relation of the appellant with the association as a member, and necessarily released her from the obligation to pay any fines thereafter. Endlich on Building Associations, sec. 102.

The fact that the deficiency decree was paid under stress of the supplemental decree, in order to procure appellant's discharge and secure possession of her property, did not waive her right to assign error on such decree. *Page* v. *People*, 99 Ill. 418; *Richeson* v. *Ryan*, 14 id. 74; *Hatch* v. *Jacobson*, 94 id. 584.

The decree was for too great a sum, and in this there was error. The judgment of the Appellate Court and decree of the circuit court are each reversed and the cause remanded.                 *Reversed and remanded.*

Mr. JUSTICE BOGGS, dissenting.