## DUBIN *v.* MOBILE LAND CORPORATION

[No. 219, September Term, 1967.]

350

*Decided June 28, 1968.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS and FINAN, JJ.

*Paul Jacobs,* with whom was *Irvin Jacobs* on the brief, for appellant.

*Nathan Patz,* with whom were *Harry M. Ashman* and *Charles E. Wehland* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal is by a mortgagee, Max Dubin, from a decree of the Circuit Court for Howard County in equity (Mayfield, J.) enjoining the mortgagee from instituting any foreclosure proceedings for any default alleged to have occurred prior to April 26, 1967, the date of the decree. The decree also allowed the mortgagee such expenses as he may have incurred in instituting foreclosure proceedings upon producing vouchers or statements to the court, ordered the Clerk of the Circuit Court to pay to the mortgagee such sums paid into court by the mortgagor, Mobile Land Corporation (Mobile or mortgagor), appellee in this appeal, representing monthly payments required to be paid under the mortgage and requiring the mortgagee to pay the costs.

The mortgage in question, dated August 19, 1966, was for $35,000 with monthly payments of $388.59, the balance being payable in full, seven years after date, upon three parcels of land in Howard County owned by Mobile and was duly recorded on August 24, 1966. The dispute on the merits involves an alleged default resulting from a supposed breach of the covenant to pay taxes, and raises questions involving the construction of the language of the mortgage itself, and questions of estoppel and waiver. We do not reach these interesting questions considered by the Chancellor in a well reasoned and comprehensive written opinion because we have concluded that the appeal in this case must be dismissed.

The decree of April 26, 1967, from which the appeal was taken, provides as follows:

> "It is, thereupon, this 26th day of April, 1967, by the Circuit Court for Howard County, In Equity, ADJUDGED, ORDERED and DECREED that Max Dubin, his agents, servants and employees, be, and they are, hereby restrained and enjoined from instituting any foreclosure proceedings of the mortgage hereinbefore referred to for any default alleged to have occurred prior to the date of this Decree, and
>
> "It is further ORDERED that the said Max Dubin be, and he is, hereby allowed such expenses as he may have incurred in instituting foreclosure proceedings which are the subject of the within cause, upon producing vouchers or statements therefor to this Court, and
>
> "It is further ORDERED that the Clerk of this Court be, and he is, hereby directed to pay to the said Max Dubin such sums as have been paid into this Court by Mobile Land Corporation, representing monthly payments required to be made under said mortgage, and
>
> "It is further ORDERED that the said Max Dubin pay the costs of this case."

In accordance with the decree, counsel for the mortgagee, on May 9, 1967, filed a "Submission of a Voucher" as follows:

"In accordance with the decree of this Court dated April 26, 1967, the Plaintiff (the mortgagee, Max Dubin) hereby submits a voucher from A. J. Billig & Company dated December 28, 1966 in the sum of $330.56."

The attached voucher shows the following items:

"Withdrawal fee—Re—3 parcels—unimproved and improved land, situate on N.W. Side of Balto. Wash. Blvd., U.S. Rt. #1, Howard Co., Md. ...... $150.00
Ellicott City Times .................... 77.28
Sun Adv. ............................ 71.60
Daily Record Adv. .................... 31.68

$330.56"

This voucher was approved by an order of the Chancellor the same day reciting that the allowance of the expenses of $330.56 was in accordance with the decree of April 26, 1967.

On May 24, 1967, the mortgagee filed with the Clerk of the Circuit Court an order for appeal which stated:

"Enter an appeal to the Court of Appeals of Maryland from the decree entered in this action on April 26, 1967."

It is not disputed that a check for $330.56 was given to the mortgagee made payable to him and his attorney and marked "To satisfy the order of Court for the payment of expenses," was endorsed by the payees and cleared the bank on August 9, 1967, so that the amount of the check, $330.56, was received by the mortgagee for his expenses as provided in the decree of April 26, 1967.

Thereafter on August 29, 1967, the mortgagor—appellee filed a motion to dismiss the appeal, reciting the above facts, attaching a photostatic copy of both sides of the check and reciting that the appeal had become moot by the acceptance by the mortgagee—appellant of the benefits and performances decreed by the Chancellor, derived from a single and indivisible final decree. After the mortgagee had filed an answer, but without hear-

ing argument, we declined to dismiss the appeal without comment on September 5, 1967. In its brief filed in this appeal, the mortgagor-appellee again filed a motion to dismiss the appeal reasserting the same grounds alleged in the prior motion. At the argument we reserved our decision on the motion to dismiss and heard argument on the merits.

It is well settled in Maryland, and the law generally is to the effect, that if a party, knowing the facts, voluntarily accepts the benefits accruing to him under a judgment, order or decree, such acceptance operates as a waiver of any errors in the judgment, order or decree and estops that party from maintaining an appeal therefrom. *Silverberg v. Silverberg*, 148 Md. 682, 130 A. 325 (1925) ; *Stewart v. McCaddin*, 107 Md. 314, 68 A. 571 (1908). See 4 C.J.S. *Appeal and Error*, § 215, p. 644. If, however, the portion of the decree adjudicates a separate and distinct claim which benefits the appellants, unrelated to, or independent of, the unfavorable portion of the decree, then the acceptance of the benefit under the unrelated or independent portion of the decree will not result in a waiver of the right to appeal from the other unfavorable independent portion of the decree. See *In re Silverman*, 305 N. Y. 13, 110 N. E. 2d 402 (1953) ; *Mudd v. Perry*, 25 F. 2d 85 (8th Cir. 1928), *cert. den'd* 278 U. S. 601, 49 S. Ct. 9, 73 L. Ed. 529 (1928). See also 4 C.J.S. *Appeal and Error*, § 215, p. 645.

In our opinion, the decree of April 26, 1967, is an adjudication of the entire dispute in regard to the rights to foreclose the mortgage under the facts established in the lower court and the various obligations and rights attendant upon that determination. The provisions of the one decree were dependent upon each other and no provision of the decree adjudicated any separate distinct or independent claim. The knowledgeable acceptance, therefore, of the benefit of any portion of the decree waived any alleged error in the entire decree and estopped the accepting party from challenging the decree on appeal.

The appellant-mortgagee relies on *Smith v. Revere Copper and Brass*, 196 Md. 160, 76 A. 2d 147 (1950) and *Bethlehem Steel Co. v. Mayo*, 168 Md. 410, 177 A. 910 (1935) to establish that where the party accepting the benefit of a judgment, order or decree would be entitled to that benefit in any event,

there is no waiver or estoppel resulting from the acceptance so far as the appeal is concerned. Both of these cases involved awards made under the Workmen's Compensation Law. As pointed out in *Smith,* the general rule does apply where the claimant accepts the benefits of an award for an injury which might not be compensable at all. In *Bethlehem Steel* the claimant accepted a 50% disability award, *which the employer conceded to be due,* and challenged the award in not making the award for 100% of disability. It was held that the acceptance by the claimant of payments under the 50% conceded award did not waive the right to appeal from the failure of the award to provide for 100% disability.

In the present case, there was no concession by the appellee that the appellant was entitled to any payments or reimbursement so that the decisions in *Bethlehem Steel* and *Smith* do not help the appellant.

In *Stewart v. McCaddin, supra,* a mortgagor obtained an order enjoining the foreclosure of a mortgage but providing that the order should not interfere with foreclosure for any default in the mortgage occurring subsequent to the date of the order. After appealing from the order, the mortgagee began foreclosure proceedings for a default allegedly occurring after the passage of the order and when his right to foreclosure was challenged, relied on the order to justify the foreclosure. Although this Court indicated that the Chancellor was in error in restraining the original foreclosure, the appeal was dismissed because of the mortgagee's reliance upon the order from which the appeal was taken. Judge Burke, for the Court, stated:

> "Another installment of interest on the mortgage debt fell due on August 7th, 1907, and was not paid, and the appellant, notwithstanding the fact that he had appealed from the order of July 26th, 1907, advertised the property for sale for that default under the authority of that order. He thus acquiesced in and invoked the authority of the very order from which he had appealed, and when the mortgagor applied for an injunction to restrain the sale, the appellant set up the order as evidence of his right to sell. Under these cir-

cumstances, he cannot be permitted to question the validity of the order. A party may either expressly or impliedly waive a right, or advantage, which he might have enforced in proper time and manner, *Belt, Administrator v. Blackburn, Administrator,* 28 Md. 227. The Court will not permit the mortgagee to rely upon and claim the benefit of the order appealed from, and at the same time to assail its validity." (107 Md. at 318-19, 68 A. at 573.)

As the decree in the present case is also a single decree in regard to the same subject matter, the decision in *Stewart* indicates that the appeal in the present case should be dismissed.

We are also of the opinion that in view of our decision in *Agnoli v. Powers,* 235 Md. 289, 201 A. 2d 487 (1964), the appellee properly incorporated its motion to dismiss in its brief and we may consider it, notwithstanding our denial of a similar motion without comment on September 5, 1967.

*Appeal dismissed, costs to be paid*
*by the appellant.*