## KNEAS, A MINOR, ETC. *v.* THE HECHT COMPANY

[No. 211, September Term, 1969.]

*Decided March 3, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Arthur Dale Leach,* with whom were *Paulson, Leach & Wilkinson* on the brief, for appellant.

*Phillips L. Goldsborough, III* and *Theodore B. Corn-*

blatt, with whom were *Smith, Somerville & Case* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This appeal arises from a shoplifting incident in the Silver Spring, Maryland, department store of the Hecht Company. Because we conclude that the appeal must be dismissed an abbreviated statement of facts will suffice. On April 15, 1966, Edward John Kneas and a school friend, Terry Lohmeier, both thirteen years of age, entered the store to shop for a jacket. It is agreed that eventually Terry Lohmeier, without authority or payment, with Edward standing nearby, appropriated a "surfer's cross", a small black iron cross, having a value of about one dollar. Two female store detectives observed the incident, detained the two boys and after questioning turned them over to the custody of the Montgomery County Police Department for further handling, all in accordance with the store's routine procedure. The juvenile branch of the Police Department, after investigation, concluded that Terry was guilty of the shoplifting charge but that Edward was not a participant and the accusation against him was unfounded. Accordingly no further action was taken against Edward. Following the incident and Edward's exoneration by the police, his father instituted this action in his son's name against the Hecht Company charging false imprisonment and false arrest.

This action was originally filed in the Circuit Court for Montgomery County but removed at the instance of the plaintiff to the Circuit Court for Queen Anne County for trial. The jury, with Judge Keating presiding, returned a verdict for the plaintiff in the amount of $10,000 compensatory damages and $30,000 punitive damages. Judgment nisi for the sum of $40,000 was entered by the clerk on May 28, 1968.

At the conclusion of all the testimony appellee-defendant made a motion for a directed verdict in its favor

contending there was no evidence to support liability either for compensatory or punitive damages. Judge Keating reserved his decision on both issues. This reservation under Maryland Rule 563 automatically acts as a motion for judgment n.o.v. In addition, the jury's verdict was followed by the defendant's motion for judgment n.o.v. or in the alternative a motion for a new trial. Among the reasons assigned for the motion for new trial were the excessiveness of the verdict and error committed by the trial court in its instructions.

Judge Keating, after a hearing on August 8, 1968, concluded that because there was no evidence of malice as required under Maryland law to authorize punitive damages, he had committed error in submitting that issue to the jury. Accordingly he granted the motion for judgment n.o.v. on the issue of punitive damages with the alternative provision that if his ruling was reversed by the Court of Appeals, then there should be a new trial. In addition, Judge Keating decided that the compensatory damages were excessive and, exercising his discretion in the matter, granted the motion for new trial unless the plaintiff agreed to a remittitur in the amount of $5,000. He allowed one week to file a letter indicating acceptance of this reduction. The plaintiff accepted the reduction on August 14, 1968, by letter and filed his formal remittitur on September 11, even though he had filed a notice of appeal on September 6 from Judge Keating's ruling on the punitive damage award. After the entry of the judgment absolute for $5,000 on September 11, 1968, the defendant tendered and the plaintiff accepted payment of the judgment. The attorney for the plaintiff filed a notice with the clerk directing that the judgment be marked "Paid, Settled and Satisfied."

Appellant now seeks a review of Judge Keating's action in granting judgment n.o.v. or in the alternative a new trial on the punitive damage award. We think he effectively forfeited his right to review by his own actions.

It is a well established general rule in this State that a litigant can not accept the benefits of a judgment or

decree and be later heard to question its validity. *Dubin v. Mobile Land Corp.*, 250 Md. 349, 353, 243 A. 2d 585 (1968). The particular application of this rule made in *Turner v. Wash. Sanitary Comm.*, 221 Md. 494, 158 A. 2d 125 (1960) was on facts so similar to those in the instant case that we believe that decision to be completely controlling.

Appellant in *Turner* was the plaintiff who had recovered a judgment of $8,730 in compensatory damages after defendant had received a directed verdict on the issue of punitive damages. The trial judge ordered a remittitur of $7,230 or a new trial if that amount was not accepted. Appellant there did file a remittitur expressly reserving, however, the right to appeal "from the judgment of the Court denying their motion to enter judgment" for the amount of the jury's verdict. We held the attempted reservation a nullity, observing "the plaintiffs, by accepting the lesser amount, are precluded from arguing that the trial court abused its discretion in eliminating the amount which it deemed excessive . . . ." Appellant in *Turner* also attempted to cite error in the direction of a verdict disallowing punitive damages. Although we recognized that the trial judge's estimate of the award as excessive might have been altered by the addition of punitive damages, we held "if the plaintiffs are precluded from challenging the quantum of the judgment for compensatory damages, which they have accepted, it would seem anomalous to hold that they were entitled to a new trial on the bald question of punitive damages. We are aware of no authority that would permit such a severance." 221 Md. at 505.

Appellant here went beyond what was done in *Turner*. In his remittitur he did not attempt reservation of a right to appeal. He not only filed the remittitur but also accepted payment and had the judgment marked "Paid, Settled and Satisfied." We did recognize an exception to the general rule of waiver in *Dubin v. Mobile Land Corp.*, *supra*, when Judge Barnes speaking for the Court observed at page 353:

"If, however, the portion of the decree adjudicates a separate and distinct claim which benefits the appellants, unrelated to, or independent of, the unfavorable portion of the decree, then the acceptance of the benefit under the unrelated or independent portion of the decree will not result in a waiver of the right to appeal from the other unfavorable independent portion of the decree."

This exception clearly does not apply to the present case. Here there was but one cause of action and but one verdict. Judge Keating instructed the jury that they would be asked whether they found "a verdict for the Plaintiff or Defendant." It is well settled that in order to support an award for punitive damages compensatory, or actual damages must first be found. *Heinze v. Murphy,* 180 Md. 423, 429, 24 A. 2d 917 (1942). Thus punitive damages are clearly dependent and can hardly be decided in a vacuum, as we noted in *Turner v. Wash. Sanitary Comm., supra,* at 505. Appellant did not possess the prerogative available to a judge of this Court of concurring in part and dissenting in part; their decision must be to take or leave the total judgment.

We hope that the misfortune of the present appellant will not discourage the practice which prevails in some parts of the State of having the jury announce what portion of its verdict was allotted to compensatory, and what portion to punitive damages. This practice, we believe, not only enables a trial judge to give a more informed judgment as to the reasonableness of the verdict when exercising his responsibilities in considering a motion for a new trial, it may also prevent the necessity of a retrial should this Court conclude on appeal that there existed no evidence to support punitive damages.

Having concluded in this case that the damages awarded were excessive and $5,000 would be adequate compensation for the incident, Judge Keating had the discretionary authority to give the plaintiff the option of

accepting a reduced amount or a new trial. Once the plaintiff agreed to entry of judgment, accepted payment and caused the court records to be marked "Paid, Settled and Satisfied" the entire litigation came to a complete conclusion.

*Appeal dismissed. Costs to be paid by appellant.*