## SUBURBAN DEVELOPMENT CORPORATION, ASSIGNEE v. WILLIAM D. PERRYMAN

[No. 1, September Term, 1977.]

*Decided October 5, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Browne L. Kooken,* with whom were *Dukes & Kooken* on the brief, for appellant.

*Thomas F. Mudd,* with whom were *Mudd, Mudd, Munday & Heinze, P.A.* on the brief, for appellee.

PER CURIAM:

We granted certiorari in this case to consider the apparent conflict between Maryland Rule 625 a, which gives the circuit court a thirty-day revisory power over its pre-enrolled judgments, and sections 112 and 113 of Article 81 of the Maryland Code (1957, 1975 Repl. Vol.), which declare that tax sale foreclosure decrees shall, except for fraud or lack of jurisdiction, be conclusive. However, we do not reach this question (as the Court of Special Appeals should not have in *Perryman v. Suburban Dev. Corp.*, 33 Md. App. 589, 365 A. 2d 570 (1976)), since an inspection of the record reveals that the appellant in the initial appeal, the respondent here, by his own action waived his right to appellate review. Accordingly, the judgment of the Court of Special Appeals must be reversed and the case remanded to that court with direction that it dismiss the appeal.[1]

Following the sale of two Clifton-on-the-Potomac lots by the treasurer of Charles County for non-payment of real estate taxes, the purchaser at that sale, appellant-respondent William D. Perryman, instituted these proceedings in the Circuit Court for Charles County to foreclose the rights to redeem possessed by persons having an interest in the property. When no one answered the petition or otherwise opposed the granting of the relief prayed, the trial judge signed separate foreclosure orders for each of the two lots — one filed on September 3, 1975 (Lot

---

1. In directing dismissal of this appeal we are not to be understood as either approving or disapproving the Court of Special Appeals' conclusion that the revisory powers granted a circuit court by Maryland Rule 625 do not extend to cases involving foreclosure of the right of redemption. However, should the question arise again its resolution should be considered in light of our ruling in Owen v. Freeman, 279 Md. 241, 367 A. 2d 1245 (1977), concerning Rule 625 as it relates to Dismissal Rule 528 L of the Supreme Bench of Baltimore City, which was decided subsequent to the ruling of the Court of Special Appeals in this case.

22, Block A), and the other twenty-two days later on September 25 (Lot 18, Block C). Twenty-six days after this first foreclosure order was filed and four days following the second, appellee-petitioner Suburban Development Corporation, a lien creditor, filed its Rule 625 a motion seeking to vacate the two foreclosure orders so as to permit redemption of the lots. The circuit court, having concluded that the revisory power over its judgments authorized by that rule extended to tax foreclosure of the right of redemption actions, by order vacated the decrees as requested. In this order the court also instructed Suburban to file "its Petition For Redemption as to both lots and to tender all sums of money for taxes, interest, costs of sale, penalties and other allowable expenses, on or before the 12th day of January, 1976." When Suburban filed its redemption petition in compliance with this directive, the court ordered that "the amount necessary for redemption of the properties described above [in the petition], be and it is hereby fixed at $532.95 for taxes and interest as to Lot 22, Block A, and the amount of $356.55 for taxes and interest as to Lot 18, Block C, and the amount of $598.25 for all other costs and expenses." [2] The record then shows that when (i) the deputy treasurer certified she had received payment from Suburban of all amounts due for taxes, interest and penalties, and (ii) a "RECEIPT OF COSTS" subscribed to by Perryman's attorney was filed reciting "I HEREBY ACKNOWLEDGE the receipt of the sum of $586.25 as costs due as ordered herein," the court directed "that the Bill for Foreclosure be and is hereby dismissed." Thereafter respondent Perryman noted a timely appeal to the Court of Special Appeals, in

---

2. Costs listed in the redemption petition by agreement of the parties as being due purchaser William D. Perryman and the Clerk of Court totaling the $598.25 mentioned in this order are:

| | | |
|---|---|---|
| Advertising costs | $172.25 | |
| Court costs paid to date | 114.00 | |
| Attorney's fees | 200.00 | |
| Title search fee | 100.00 | |
| Open court costs | 12.00 | (apparently paid directly by Suburban) |
| Total | $598.25 | |

which he succeeded in having the foreclosure orders of September 3 and 25 reinstated. *Perryman v. Suburban Dev. Corp., supra.* We conclude, however, that Perryman has, by his own action in accepting payment of the $586.25 under the circuit court decree, effectively forfeited his right to appellate review.

It is a well-established rule in this State that unless the decree also adjudicates a separate and unrelated claim in favor of a litigant, he cannot, knowing the facts, both voluntarily accept the benefits of a judgment or decree and then later be heard to question its validity on appeal. *Kneas v. Hecht Co.,* 257 Md. 121, 123-24, 262 A. 2d 518, 520 (1970); *Dubin v. Mobile Land Corp.,* 250 Md. 349, 353, 243 A. 2d 585, 587-88 (1968); *Rocks v. Brosius,* 241 Md. 612, 630, 217 A. 2d 531, 541 (1966); *Turner v. Wash. Sanitary Comm.,* 221 Md. 494, 505, 158 A. 2d 125, 131 (1960); *see Acting Dir., Dep't of F. & P. v. Walker,* 271 Md. 711, 718, 319 A. 2d 806, 810 (1974). The particular employment of this rule in *Dubin* was based on a factual pattern which the happenings here so nearly track that we believe that decision to be dispositive of this case. There, a mortgagee appealed from an equity decree which enjoined him from pursuing foreclosure proceedings because of defaults which were alleged to have occurred prior to the date of the decree. This decree, however, allowed the mortgagee to recover such expenses as he had incurred in instituting the foreclosure action, as well as payment of the monthly amounts due under the mortgage which had been paid into court by the mortgagor. After accepting a check for $330.56 (representing a "withdrawal fee" of $150.00 and sale advertisement costs of $180.56) which on its face stated it was given "to satisfy the Order of Court for the payment of expenses," the mortgagee sought review in this Court. In dismissing the appeal we stated:

> It is well settled in Maryland, and the law generally is to the effect, that if a party, knowing the facts, voluntarily accepts the benefits accruing to him under a judgment, order or decree, such acceptance operates as a waiver of any errors in the judgment, order or decree and estops that party

from maintaining an appeal therefrom. [250 Md. at 353 [587].]

Under *Dubin* and the other cases earlier cited we conclude that when Perryman accepted the benefits of the decree by receiving payment of expenses and costs under it, the entire litigation was finally concluded.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court with direction that it dismiss the appeal.*
>
> *Costs in this Court and in the Court of Special Appeals to be paid by appellant-respondent William D. Perryman.*