## MARVIN C. FRANZEN *v.* EDWARD ROBERT DUBINOK ET UX.

[No. 1211, September Term, 1979.]

*Decided June 13, 1980.*

The cause was argued before GILBERT, C. J., and MacDANIEL and WEANT, JJ.

*C. Clarke Raley,* with whom was *George R. Sparling* on the brief, for appellant.

*Richard D. Fritz* for appellees.

MacDANIEL, J., delivered the opinion of the Court.

Edward Robert Dubinok and Henrietta Dubinok, his wife, (appellees) instituted an action *ex delicto* in the Circuit Court for St. Mary's County, Maryland, against Marvin C. Franzen (appellant), seeking compensatory and punitive damages on account of an alleged trespass (Count 1) and nuisance (Count 2) caused by an increase and change in the natural flow of surface waters. Appellees further requested a permanent mandatory injunction requiring appellant to direct the flow of said surface waters away from appellees' property. The case was tried before a jury on September 7th and 8th, 1978, and at its conclusion a verdict was rendered for appellees in the amount of $4,000 compensatory and $7,000 punitive damages. Judgment absolute was rendered *nunc pro tunc* on November 9, 1978. The following "Order of Satisfaction" was filed November 6, 1978:

### "ORDER OF SATISFACTION

MADAM CLERK:

Please be advised that the judgment entered in the above captioned matter has been satisfied. If you would make the appropriate entry in the record of judgments, it would be appreciated.

[Signed] Richard D. Fritz, Esquire,
Attorney for the Plaintiffs"

Next, on January 8, 1979, the court scheduled a hearing on the prayer in the original declaration requesting permanent injunctive relief. Appellant filed Pleas in Bar and a Motion to File Third Party Claim. The court denied these motions, heard evidence on the issue of injunctive relief and, on July 31, 1979, issued an Order granting injunctive relief.

In this appeal appellant now attacks the jury verdict and in addition alleges error in the grant of ancillary injunctive relief, as well as to the denial of his motion to file a third party claim in the injunctive proceeding. Pointing to the Order of Satisfaction, appellees have filed a "Motion to Dismiss" before this Court to challenge the appellant's attack on the jury verdict. We find the issue of error regarding the jury verdict has been rendered moot, and we therefore grant appellees' Motion to Dismiss respecting that issue.

## The Order of Satisfaction

After the jury rendered its verdict for appellees on compensatory and punitive damages an Order of Satisfaction was executed and delivered without qualification. When this Order was filed the case handled by the jury was terminated. There was nothing left to appeal.

The general rule applicable to this issue has been stated several times by this Court and the Court of Appeals. In *Rocks v. Brosius,* 241 Md. 612 (1966), the Court of Appeals wrote, at 630:

> "The right to appeal may be lost by acquiescence in, or recognition of, the validity of the decision below from which the appeal is taken or by otherwise taking a position which is inconsistent with the right of appeal."

*See also State, use of Shipley v. Walker,* 230 Md. 133 (1962); *Turner v. Washington Suburban Sanitary Commission,* 221 Md. 494 (1960), and *Bowers v. Soper,* 148 Md. 695 (1925). Apparently, however, the precise question here — whether

the voluntary payment or satisfaction of a judgment, in compliance with its terms and provisions, is a waiver of the right to maintain an appeal or writ of error to reverse it — is one of first impression in Maryland. Nevertheless, the reverse question, *i.e.*, whether *acceptance* of such payments acts as a waiver or release of error, estopping one afterward to maintain an appeal from such judgment, has been considered. Thus, for example, in *Dubin v. Mobile Land Corp.*, 250 Md. 349 (1968), a mortgagee voluntarily accepted a check for expenses incurred in instituting foreclosure proceedings accruing to him from a decree. The decree also enjoined him from instituting any foreclosure proceedings on the mortgage for any default which occurred prior to the date of the decree. The Court held that the mortgagee's acceptance of any portion of the decree estopped him from challenging the decree on appeal. The Court stated, at 353:

> "It is well settled in Maryland, and the law generally is to the effect, that if a party, knowing the facts, voluntarily accepts the benefits accruing to him under a judgment, order or decree, such acceptance operates as a waiver of any errors in the judgment, order or decree and estops that party from maintaining an appeal therefrom. *Silverberg v. Silverberg*, 148 Md. 682, 130 A. 325 (1925); *Stewart v. McCaddin*, 107 Md. 314, 68 A. 571 (1908). *See* 4 C.J.S. *Appeal and Error,* § 215, p. 644."

In *Turner v. Washington Suburban Sanitary Commission, supra*, the plaintiff/appellant was awarded compensatory damages. The trial judge ordered a remittitur or a new trial. The plaintiff filed a remittitur expressly reserving the right to appeal. In *Kneas v. Hecht Company*, 257 Md. 121 (1970), the plaintiff/appellant not only filed a remittitur but also accepted payment and had the judgment marked "Paid, Settled and Satisfied." In each case the Court held the appellant estopped from challenging the judgment on appeal; in *Turner* the Court held nugatory the attempted reservation of the right to appeal. And *see Rocks v. Brosius, supra; Hardy v. Metts,* 282 Md. 1 (1978).

As the foregoing cases demonstrate, the Court of Appeals has heretofore applied the general rule only under circumstances in which an appeal has been filed by a party following acceptance of payment tendered by another party in conformity with a judgment. We think the general rule must apply equally in cases such as this, wherein an appeal is filed by a defendant following tender of payment to a plaintiff in accordance with a judgment. In our view, both *tender* and *acceptance* of payment under these circumstances equally constitute "taking a position which is inconsistent with the right of appeal." We note that our view conforms with the weight of authority in other jurisdictions.[1] Accordingly, we hold that appellant's voluntary payment of damages to appellees in compliance with the judgment, resulting in the entry of an Order of Satisfaction on the record without qualification, acts to waive appellant's right to maintain an appeal to reverse the judgment. We now turn to consider appellant's challenge to the grant of mandatory injunctive relief.

### The Order for Injunctive Relief

Appellant first argues that appellees' entry of the Order of Satisfaction acted to release appellant from all claims embodied in the Declaration, thereby barring appellees from subsequently obtaining injunctive relief. We think the Order of Satisfaction did no such thing. Appellees were certainly entitled to request mandatory injunctive relief along with their Declaration at law; subtitle BF of the Maryland Rules of Procedure specifically allows this to be done. The manifest purpose of that subtitle is to provide appropriate equitable relief which, though ancillary to, is nevertheless separate and distinct from that relief obtainable at law. And in this case it is clear that the Order of Satisfaction was entered as to a judgment which addressed only the legal issues in the case; the equitable questions were never addressed during trial of the legal issues. Though perhaps it were better in this case had the trial court made it clear early on that the prayer for

---

1. *See* generally 4 C.J.S. *Appeal and Error,* § 214.

ancillary relief would be reserved pending resolution of the legal issues, his failure to do so was hardly fatal to the propriety of the subsequent proceedings. Entry of the Order of Satisfaction in this case did not preclude later proceedings to consider the request for injunctive relief.

Appellant also challenges the grant of mandatory injunctive relief on its merits and argues, *inter alia,* that the injunction failed to state with sufficient specificity the relief being granted.

Maryland Rule BF 42 provides:

> "The action shall, with regard to the claim for mandamus or injunction, be governed by the procedure for such actions in ... Subtitle BB (Injunction). . . ."

And Maryland Rule BB 78 provides in part:

> "a. Form — Contents.
>
> An order granting an injunction shall set forth the reasons for its issuance; *shall be specific in its terms; and shall describe in reasonable detail,* and not by reference to the complaint or other document, *the act sought to be required or commanded or restrained or forbidden."* (Emphasis added.)

The trial court's Order for Injunctive Relief quoted as written, provides in part:

> "Upon the hearing of additional testimony, and in consideration of the testimony presented on the 7th and 8th days of September, 1978, and in further consideration of the implicit findings of fact made by the jury, by way of their verdict, it is, this 31st day of July, 1979, by the Circuit Court of St. Mary's County, Maryland, sitting as a Court of Law; yet, at the same time, exercising powers of Equity, due to the extraordinary nature of Maryland Rule BF 40, so determined that the Plaintiffs are entitled to a mandatory injunction against the Defendant, Marvin C. Franzen, so ordering the Defendant to

halt and prevent any future flooding of the Plaintiffs' property located at 144 Essex Drive South, Lexington Park, Maryland. It is the determination of this Court that the major justification and reason for this mandatory injunction is that since the verdict of the jury on September 8, 1978, the lands of the Plaintiffs' have continued to flood on a re-occurring basis due to the prior acts of the Defendant; and, that in the absence of this mandatory injunction future flooding of the property of the Plaintiffs' is foreseeable and certain. As such, it is

ORDERED, DECREED AND ADJUDGED, that the Plaintiffs, Edward Robert Dubinok, and Henriette Dubinok, are entitled to a mandatory injunction against the Defendant, Marvin C. Franzen, as above stated, and as such, it is

ORDERED, that the Defendant, Marvin C. Franzen, is hereby MANDATORIALLY ENJOINED, to take such actions as shall be necessary to prevent any future flooding of the Plaintiffs' property located at 144 Essex Drive South, Lexington Park, Maryland; and it is further,

ORDERED, that such actions as are necessary to prevent any future flooding shall be taken within ninety (90) days from the date of this Order; however, should it become necessary to grant a longer period of time, such additional period will be considered by this Court, for good cause shown; and it is further,

ORDERED, that any issue of additional damages to the Plaintiffs, shall be, and is hereby reserved, for future determination by this Court."

We agree with appellant that the Order is defective for its failure to conform with the mandatory requirements of Maryland Rule BB78a. Plainly, the Order lacks specific terms and reasonable detail; it is too vague, too broad. *See O.F.C. Corp. v. Turner,* 228 Md. 105 (1962). *Compare Stacy*

*v. Burke,* 259 Md. 390, 401 (1970). Accordingly, we think the Order must be revised.

Finally, appellant alleges error in the trial court's denial of his Motion to File a Third Party Claim in the injunction proceeding. Appellant attempted to join the Board of County Commissioners of St. Mary's County in the action, averring in his motion only that "it would be in the best interests of the parties . . . to allow a Third Party action to be filed at this time because if the Court is going to grant equitable ancillary relief, it can only reasonably do so if all parties interested in the land and its associated drainage problems are before the Court."

Since the matter had been at issue for more than 30 days prior to entry of the motion, the question was governed by Maryland Rule 315 b., which provides:

> "If more than 30 days have elapsed after the action is at issue such summons on a third party shall be issued only upon consent of the plaintiff or upon a showing that the delay was excusable or does not prejudice other parties to the action."

Plaintiffs/appellees did not consent. The trial judge is vested under subsection b. with sound discretion in deciding whether a defendant's delay in seeking impleader would prejudice other parties in the action, *Apex Express Inc. v. Baicovitz,* 249 Md. 351 (1968), and under these circumstances we cannot say that such discretion was abused; the trial judge did not err in denying appellant's motion.

> *Appellees' motion to dismiss granted; judgment at law affirmed.*
>
> *Denial of appellant's motion to add third party defendant affirmed.*
>
> *Injunction vacated and case remanded for passage of an order for injunctive relief in conformity with views stated in this opinion.*
>
> *Costs to be divided equally between the parties.*