# MARVIN C. FRANZEN *v.* EDWARD ROBERT DUBINOK ET UX.

[No. 70, September Term, 1980.]

*Decided April 7, 1981.*

66

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*George R. Sparling,* with whom were *Raley & Sparling, P.A.* on the brief, for appellant.

No brief filed for appellees.

DIGGES, J., delivered the opinion of the Court.

We are in this case called upon chiefly to determine whether a judgment debtor, who fully satisfies the adjudica-

tion against him by payment of the award, is barred by this action from prosecuting an appeal from that judgment. Although we disagree with the reasoning of the Court of Special Appeals, we shall affirm that court's dismissal of a portion of the appeal since we conclude that the petitioner is precluded by his conduct from obtaining review of the issues there raised.

The respondents here, Edward and Henrietta Dubinok, commenced this law action on March 8, 1978, in the Circuit Court for St. Mary's County against petitioner Marvin Franzen charging by separate counts trespass and the creation of a private nuisance caused by artificial channelization, with the consequential increased flow, of surface water from Franzen's property on to that of the Dubinoks. The suit seeks compensatory and punitive damages as well as Maryland Rule BF 40 ancillary injunctive relief. At the trial of the monetary claim, the jury returned a verdict for the Dubinoks on September 8, 1978, assessing $4,000 compensatory and $7,000 punitive damages. The petitioner thereafter paid in full this award, and respondents filed an order of satisfaction prior to a judgment on the verdict being entered by the trial court. After a hearing was later scheduled to consider the prayer for equitable relief, the petitioner sought leave to file in the injunctive portion of the proceedings a third party claim against the Board of County Commissioners of St. Mary's County, which was denied. Following the hearing, Judge Mattingly enjoined Mr. Franzen "to take such actions as shall be necessary to prevent any future flooding of the [respondents'] property . . . ." When the petitioner appealed to the Court of Special Appeals, the Dubinoks moved to dismiss the portion of the appeal relating to the jury determination on the ground that the order of satisfaction rendered this part of the case moot. The intermediate appellate court granted the motion, holding that since the voluntary payment of damages in compliance with a judgment is an act inconsistent with the maintenance of an appeal, Mr. Franzen had waived his right to appellate review of the judgment entered on the jury's verdict. After also

determining that the order of satisfaction did not act to bar the subsequent equitable relief sought, that court concluded that the injunction order was nevertheless defective in that it contravened the specificity requirements of Rule BB 78 a, and it remanded the matter to the trial court for the fashioning of a proper decretal order.[1] In addition, the Court of Special Appeals affirmed the trial court's denial of petitioner's motion to implead the county commissioners. *Franzen v. Dubinok,* 45 Md. App. 728, 415 A.2d 621 (1980). We granted certiorari.

The law of this State is clear that the "right to an appeal may be lost by acquiescence in, or recognition of, the validity of the decision below from which the appeal is taken or by otherwise taking a position which is inconsistent with the right of appeal."[2] *Rocks v. Brosius,* 241 Md. 612, 630, 217 A.2d 531, 541 (1966). In conformity to this principle, we have heretofore held that the filing of a remittitur by the beneficiary, combined with the acceptance of the tendered payment of the award and causing the court record to be marked as satisfied, brings the litigation to a complete conclusion, thus barring an appeal by the judgment creditor, *Kneas v. Hecht Company,* 257 Md. 121, 124-26, 262 A.2d 518, 520-21 (1970); that no appeal lies from a consent decree, *Mercantile Trust Co. v. Schloss,* 165 Md. 18, 24, 166 A. 599, 601-02 (1933); and that after an invocation of the benefits accruing under an order of court, a party will not be heard to assail its validity. *Stewart v. McCaddin,* 107 Md. 314, 318-19, 68 A. 571, 573 (1908). This general rule of preclusion enunciated in the *Brosius* case has been variously characterized as an "estoppel," *Dubin v. Mobile Land Corp.,* 250 Md. 349, 353, 243 A.2d 585, 587 (1968), a "waiver" of the right to appeal, *id.* at 353, 243 A.2d at 587; *Bowers v. Soper,* 148 Md. 695, 697, 130 A. 330, 331 (1925), an "acceptance of benefits" of the court determination, *Dubin v. Mobile Land*

---

1. The propriety of this ruling by the Court of Special Appeals is not before us as there was no cross-petition filed by the respondents.

2. Primarily, the right to have reviewed decisions of courts of general jurisdiction is accorded by Md. Code, Courts and Judicial Proceedings Article (1974, 1980 Repl. Vol.), §§ 12-301 and 12-302 (final judgments), and §§ 12-303 and 12-304 (specified interlocutory judgments and contempt).

*Corp., supra,* creating "mootness," *Durst v. Durst,* 225 Md. 175, 182, 169 A.2d 755, 758 (1961), and an "acquiescence" in the judgment, *Rocks v. Brosius, supra; Stewart v. McCaddin, supra* at 318, 68 A. at 573. We think the label applied to the rule is less important than its essence — that a voluntary act of a party which is inconsistent with the assignment of errors on appeal normally precludes that party from obtaining appellate review.

The petitioner maintains before us, however, that the payment by a judgment debtor of the money judicially determined to be owing is not governed by the just-mentioned exception to the general rule permitting an appeal. In support of this, he urges, as he did before the intermediate appellate court, that there is a difference of substantial degree between accepting the fruits of, or acquiescing in, a judgment and complying with, or suffering detriment flowing from, a judicial determination. While basically accepting this conclusion, we point out that the focus of the inquiry must be on whether the compliance with the judgment is the result of legally sufficient compulsion. Thus, if such a payment is involuntary or coerced, then the fact that it was made will not bar an appeal by the payor. Although we are unable to find any Maryland authority directly discussing the precise question presented here, many of our sister jurisdictions have wrestled with this issue; these courts, utilizing somewhat varied approaches and rationales, have arrived at irreconcilable positions. *See* Annot., 39 A.L.R.2d 153 (1955). Nonetheless, from our perspective, unconstrained by *stare decisis,* we are persuaded by the reasoning of what appears to us to be a majority of courts addressing the problem, that the difference between the receipt by a judgment creditor and the payment by a judgment debtor of an amount judicially determined to be due is sufficient to justify different rules in these converse situations.

By way of explanation, we start from the proposition, entertained by practically all jurisdictions, that payment tendered after the issuance of execution on a judgment is clearly coerced. *E.g., Reitano v. Yankwich,* 38 Cal. 2d 1, 237

P.2d 6, 7-8 (1951); *Reserve Life Ins. Co., Dallas Tex. v. Frankfather,* 123 Colo. 77, 225 P.2d 1035, 1040 (1950); *Armstrong v. Douglas Park Bldg. Ass'n,* 176 Ill. 298, 52 N.E. 886, 887 (1898). Moreover, the fact that the appellant failed to obtain a stay or other supersedeas pending appeal is normally held to have no effect on the voluntariness determination, since the obtention of such relief is not generally a prerequisite to an appeal. *E.g., Dakota County v. Glidden,* 113 U.S. 222, 224, 5 S. Ct. 428, 28 L. Ed. 981 (1885); *Wales v. Greene,* 125 Cal. App. 2d 387, 270 P.2d 534, 538 (1954); *Power County v. Evans Bros. Land and Live Stock Co.,* 43 Idaho 158, 252 P. 182, 183 (1926); *Fidelity and Columbia Trust Co. v. Harkelroad,* 224 Ky. 5, 5 S.W.2d 477, 479 (1928). *See Durst v. Durst, supra* at 182, 169 A.2d at 758. A closer question, however, is presented when execution on the judgment has not yet issued, for here, a judgment debtor's proprietary peril is not so manifest. In our view, nevertheless, the right of appeal following payment of the award should not turn simply on the issuance of execution. In this context, the words of a noted authority are instructive:

> One against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to any estoppel against his seeking to avoid it for error. Nevertheless there are cases deciding that one paying a judgment against him precludes all appeal therefrom. The better view, we think, is, that though execution has not issued, the payment of a judgment must be regarded as compulsory, and ... [not] depriving the payor of his right to appeal, unless payment be by way of compromise and settlement or under an agreement not to appeal or under circumstances leaving only a moot question for determination. [2 A. Freeman, *A Treatise of the Law of Judgments* § 1165, p. 2410 (5th ed. by E. Tuttle, 1925).]

Not only does the final judgment of a court, by its nature, serve to coerce the party against whom it operates, but in

Maryland, it also automatically creates a lien on any real and certain leasehold property once the judgment is properly entered or recorded. *See* Md. Rule 620; *Van Royen v. Lacey,* 262 Md. 94, 99-100, 277 A.2d 13, 15-16 (1971). This substantial encumbrance on a judgment debtor's property exists until the judgment is paid, released or otherwise satisfied, or until twelve years expires unless extended by writ of *scire facias.* And neither the issuance of a stay or injunction nor the filing of an appeal bond will cause it to be extinguished; rather, utilizing such procedures merely suspends the right to enforce it. *See* 3 *Poe's Pleading and Practice* § 376, p. 751 (6th ed. by H. Sachs, 1975) (citations therein). The essence of a final judgment as an order of the court, the automatic creation of a lien on property which cannot be removed while maintaining an appeal but by satisfaction of the award, and the fact that it is subject to execution, all combine to support the conclusion that the payment of a judgment unless tendered as a compromise or a settlement or under an agreement not to appeal may normally quite properly be viewed as involuntary, creating no bar to appellate review. *Accord, e.g., Chicago Great Western Ry. Co. v. Beecher,* 150 F.2d 394, 397-98 (8th Cir. 1945), *cert. denied,* 326 U.S. 781 (1945); *Freeman v. Wintroath Pumps — Div. of Worthington Corp.,* 13 Ariz. App. 182, 475 P.2d 274, 275 (1970); *Reitano v. Yankwich,* 38 Cal. 2d 1, 237 P.2d 6, 7-8 (1951); *Reserve Life Ins. Co., Dallas, Tex. v. Frankfather,* 123 Colo. 77, 225 P.2d 1035, 1036-40 (1950); *Jacksonville Hotel Bldg. Corp. v. Dunlap Hotel Co.,* 350 Ill. 451, 183 N.E. 397, 399 (1932); *Nashville, C. & St. L. Ry. Co. v. Bean's Ex'r.,* 128 Ky. 758, 109 S.W. 323, 323 (1908); *Patnode v. May,* 182 Minn. 348, 234 N.W. 459, 460-61 (1931); *Lumaghi v. Abt,* 126 Mo. App. 221, 103 S.W. 104, 105-06 (1907); *Hayes v. Nourse,* 107 N.Y. 577, 14 N.E. 508, 508 (1887); *In re Blagen's Estate,* 144 Or. 67, 6 P.2d 43, 43-44 (1931). We find the succinct opinion of the New York Court of Appeals expressive of our views:

> The defendant's practice in paying the judgment before appealing from it is not to be condemned. It is rather to be encouraged. A party who recovers at the trial term . . . might fairly be deemed entitled to

the fruits of his action without further delay. The law, however, allows [an] appeal; but, although it is taken, the successful party may nevertheless enforce his judgment by execution, and so collect its award, unless the defeated party secures its ultimate payment by a deposit of money or an undertaking. Why may he not simplify the matter by placing the funds at once in the hands of the party who, if the appeal fails, will be ultimately entitled to them? By so doing he will save the costs of execution, and do no harm to his creditor. We think he should not, by a temporary submission to the decision of the court, be placed in a worse position than if he awaited execution and settled it with sheriff's fees.

\* \* \*

[I]t must be deemed too well settled by authority to require further discussion that a party against whom a judgment has been rendered is not prevented from appealing to this court by the fact that he has paid the judgment, unless such payment was by way of compromise, or with an agreement not to take or pursue an appeal. [*Hayes v. Nourse*, 107 N.Y. 577, 14 N.E. 508, 508 (1887).]

The substantive rights of the parties are not necessarily finally determined, and the controversy thus not rendered moot, by the satisfaction of the judgment, for if the matter is heard and reversed on appeal, the court retains the authority in the usual case to restore the parties to their former position by a judgment requiring restitution. *See* Restatement of Restitution § 74 (1937); *Burns v. Bines,* 189 Md. 157, 165-66, 57 A.2d 188, 188-89 (1948).

The conclusion that the payment or performance of a final judgment does not normally bar an appeal, however, will provide precious little comfort for the petitioner here. A short review of the significant events during the course of

this litigation is necessary to fully explain why this is true. The two-count declaration filed by the Dubinoks contained requests for both money damages and injunctive relief, a practice which is specifically permitted by Rule BF 40.[3] The two-day trial of the damages portion of the action terminated with a jury verdict on September 8, 1978, and the petitioner's alternative motions for a judgment N.O.V. or a new trial were denied on the following October 13th. Mr. Franzen paid the award causing the docketing of an order of satisfaction on November 6, 1978, following which a *nunc pro tunc* "judgment absolute" was entered by direction of the court three days later, retroactive to October 13th, the date of the motions' denials. That portion of the suit concerning the requested injunctive relief was then pursued, which culminated with the issuance of the writ on the last day of July. Contrast *Grant v. Katson,* 261 Md. 112, 274 A.2d 88 (1971). Petitioner noted an appeal on August 30, 1979, "from the judgment entered in this action on July 31, 1979." [4]

In explaining why Mr. Franzen is barred from maintaining his appeal on issues arising from the damage portion of the case, we commence by noting that there may be some question as to the legal relationship between the ancillary equitable relief and the law action to which it is appended. Specifically, is the equitable portion of the case properly viewed as distinct from the law action itself, so that the judgment entered on the jury verdict constituted a final appealable one notwithstanding the fact that the injunctive prayer remained unaddressed? We need not, however, reach this intricacy, for in either case, whether this order consti-

---

3. Rule BF 40, whose predecessor was first promulgated in 1958, retains the practice permitted by statute in Maryland for close to 100 years. *See* 1888 Laws of Maryland, ch. 456. The descendant Rule now reads:

In an action at law a party either in his original pleading or at any time after the commencement of the action (whether before or after judgment) may claim, in addition to any other demand which may be enforced in such action, that a writ of mandamus or injunction, or both, be issued.

4. We do not pass upon whether the petitioner, by utilizing this language, restricts his appeal solely to issues involving the equitable relief granted. *See* Carter v. State, 286 Md. 649, 408 A.2d 1335 (1979).

tutes a final or an interlocutory judgment, it is clear that the result is the same. On the one hand, if the docket correctly records the entry of a final judgment on the jury verdict — be its date October 13th or November 9th — it is apparent that petitioner has forfeited his right to challenge it for failure to note and prosecute a timely appeal. *See* Maryland Rule 1012 a (30 day appeal limitation). Similarly, neither can Mr. Franzen rely on Rule 605 a, which permits an appeal under certain circumstances when less than all of the claims of a multiple claim action are adjudicated.[5] This is so even assuming the legal and equitable remedies here are correctly perceived to be multiple claims within the meaning of that rule, *see Biro v. Schombert,* 285 Md. 290, 402 A.2d 71 (1979) and *Diener Enterprises, Inc. v. Miller,* 266 Md. 551, 295 A.2d 470 (1972), and even if the *nunc pro tunc* order itself is deemed to comply with the express determination and direction prerequisites for an appealable judgment under Rule 605 a (a conclusion which is difficult to countenance here), *Durling v. Kennedy,* 210 Md. 549, 553-54, 123 A.2d 878, 880 (1956), since petitioner's appeal would still be tardy under the 30-day appeal requirement of Rule 1012 a.

On the other hand, if the equitable relief is an integral part of the declaration so that the November 9 order, uncertified under Rule 605 a, is an adjudication of rights in the form of an interlocutory judgment, petitioner's appeal, though timely, faces extinction for different reasons. In this instance, it is clear to us that the rule allowing an appeal by a payor of a judgment, which petitioner urges so vigorously should be recognized in Maryland and which as a general matter we embraced above, has no application to this case in view of the procedural chronology as it developed in the trial court. As we earlier made clear, the underpinnings of this rule permitting an appeal following payment of a judgment is that such payment is in law coerced. Where, however,

---

**5.** Rule 605 a provides in pertinent part that "the *court* may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*"(Emphasis added.)

there is no final judgment, and therefore no complete adjudication of the rights of the parties, with the consequence that there is neither a judgment lien, see Md. Rule 620; *Van Royen v. Lacey,* 262 Md. 94, 99-100, 277 A.2d 13, 15-16 (1971), nor a right of execution, see Md. Rule 622 a; Md. Rule 5 o, there exists no coercion sufficient to render the appellant's action involuntary. Pre-final judgment payment is a settlement of a claim in advance of a judicial determination, from which, of course, no appeal will lie.

Petitioner's remaining two contentions will be dismissed virtually in summary fashion. First, he urges that the filing of the satisfaction order by the Dubinoks, as a matter of law, bars the subsequent equitable relief sought by them, and that therefore the trial court erred in granting the injunction. We do not agree that an order which advises "that the judgment entered in the above-captioned matter has been satisfied" necessarily precludes the Dubinoks from the pursuit of their equitable relief, cf., *Hardy v. Metts,* 282 Md. 1, 4, 381 A.2d 683, 685 (1978), for whether a suit is completely settled by such action will turn on the parties' intended scope of the accord and satisfaction. Here, petitioner has not shown and does not contend that the payment was intended to settle the entire litigation — both the claims for damages and injunctive relief. Indeed, his arguments on the major issue before this Court bely the expression of the view, which we do not perceive the petitioner to espouse, that a settlement of any sort was intended by the payment. We think, therefore, that the trial court correctly dismissed petitioner's contention raised by his plea in bar.

Mr. Franzen's final assertion is that the trial court erred in preventing him from filing a third-party claim against the Board of County Commissioners of St. Mary's County in the proceeding for equitable relief. We agree with the Court of Special Appeals in its conclusion that since the matter had been at issue for more than 30 days prior to the petitioner's motion, and since the plaintiff below did not consent, the trial judge was vested with discretion under Rule 315 b to determine whether "the delay was excusable or [did] not

prejudice other parties." *White v. Land Homes Corporation,*
251 Md. 603, 606-07, 248 A.2d 159, 161 (1968), and citations
therein. No abuse of that discretion was demonstrated here.

> *Judgment of the Court of Special*
> *Appeals affirmed.*
> *Costs to be paid by petitioner.*