JOSEPH F. JOY, JR. *v.* ANNE ARUNDEL COUNTY,
MARYLAND

[No. 86, September Term, 1982.]

*Decided November 4, 1982.*

654

The cause was argued before GILBERT, C. J., and MOYLAN and ADKINS, JJ.

*Stephen J. Kleeman,* with whom was *Irwin M. Sussman, P.A.* on the brief, for appellant.

*Robert M. Pollock, Assistant County Solicitor for Anne Arundel County,* with whom was *Steven P. Resnick, County Solicitor for Anne Arundel County,* on the brief, for appellee.

ADKINS, J., delivered the opinion of the Court.

When the Circuit Court for Anne Arundel County found that Joseph F. Joy, Jr., and his co-defendants in an action brought by the county had not obtained a certificate of use required by the County Code, it granted summary judgment for the county and enjoined Joy and his colleagues from using certain property in the county. The injunction prohibited the defendants from bringing materials onto the property, directed them to remove materials from the property, and required them "to restore the property to its original topography". Joy appealed from this judgment, raising numerous issues. Three are dispositive of the appeal. We view them as:

1. May a court, at the suit of a political subdivision, enjoin the use of property solely because a required certificate of use has not been obtained by the property owner?

2. Was the court precluded from granting summary judgment on the county's second motion, when the county's first motion, denied by the court, failed to raise or support with an affidavit the fact of Joy's lack of a certificate of use?

3. Was the injunction issued in this case vague and overbroad? [1]

*Facts*

In 1963 Joy commenced operations in Anne Arundel County on leased property from Charles A. Hamlen. Joy used the property, which he now owns, and which since 1976 has been located in a W-2 Light Industrial District, for a business variously characterized as, among other things, a junkyard, a resource reclamation facility, and a hazardous waste facility.

Over the years, specifically since 1976, the county on several occasions complained that the use was in violation of applicable zoning regulations. After some prodding from county authorities, the Hamlens attempted to obtain non-conforming use status for the property but this was denied by the County Board of Appeals in January 1980. Joy's use of the property continued, and after further violation notices were issued, the county sued Joy and others on April 21, 1980. The Bill of Complaint alleged, *inter alia,* that Joy's operation was in violation of the uses permitted in a W-2 District. Additionally, the bill alleged that Joy and the other defendants had never obtained a zoning certificate of use. The prayer was for injunctive relief prohibiting use of the property in violation of the zoning regulations. The bill was supported by, among other things, documents showing that the State Water Resources Administration had ordered Joy to cease and desist from storing certain hazardous wastes on the property. The Circuit Court (Turk, J.) issued an *ex parte* injunction on April 21, 1980, after finding that storage of hazardous wastes on the property, without State

---

1. Appellee Anne Arundel County included in its brief a motion to dismiss Joy's appeal as *moot;* Maryland Rules 1035, 1036. Some of the facts upon which the motion was based occurred after entry of judgment in the circuit court, and after Joy had noted this appeal. At oral argument, counsel for appellant conceded the accuracy of these facts, although, obviously, they are not part of the record in this case. In any event, even should we consider these facts (that Joy, after denial of his application for a certificate of use, had appealed to the County Board of Appeals and had later withdrawn his appeal), they would not render moot the issue as to the proper scope of the injunction. Accordingly, the motion to dismiss is denied.

or County approval, constituted "immediate, substantial, and possible irreparable injury to the citizens of Anne Arundel County."

On July 30, 1980, after the hearing on the *ex parte* injunction, the county moved for summary judgment with respect to its request for a permanent injunction. The thrust of this motion was that the activities being conducted by Joy violated the W-2 District regulations, but no mention was made of Joy's lack of a certificate of use. Because there was considerable factual dispute as to what was actually occurring on the property, and particularly as to whether hazardous wastes were present, the court denied the motion on December 30, 1980. In the interim, on October 31, the court (Goudy, J.) had granted an interlocutory injunction directing the defendants to refrain from bringing or storing dangerous or hazardous wastes on the property, and requiring them to remove such substances.

After the denial of the first motion for summary judgment, there was considerable discovery and other procedural activity. Eventually, on August 4, 1981, the county again moved for summary judgment. The county again argued that Joy's activities, however characterized, violated the W-2 District regulations. In addition, the county pointed out that Joy had failed to apply for or obtain the "zoning certificate of use" required by §§ 13-300.1 and 13-300.3 of the County Code.

While this motion for summary judgment was pending Joy applied for a zoning certificate of use. The certificate was denied in November. In December 1981, the chancellor granted the county's motion for summary judgment and issued the permanent injunction which is the subject of this appeal.

*Lack of Zoning Certificate of Use as Basis for Summary Judgment and Injunction*

In his order of December 10, 1981, the chancellor found that there were disputed issues of fact as to the nature of Joy's use of the property. He also found, obviously correctly,

that there was no dispute as to the fact that Joy had not obtained a zoning certificate of use. Because of that lack, he granted the county's motion and issued the permanent injunction.

Section 13-300.1 of the Anne Arundel County Code provides:

> Every structure and parcel of land in Anne Arundel County shall be subject to the provisions of this subtitle [Zoning Regulations], and shall not be used, designed, constructed or altered ... in any other manner. The provisions of this subtitle are minimum requirements, and shall be in addition to (and not in lieu of) any other legal requirements.

Section 13-300.3, in pertinent part, provides:

> No land shall be used for purposes other than a single family residential dwelling until such use is authorized by the issuance of a certificate of use.

Joy did not have a certificate of use. He does not contend that he was using the property "for purposes of a single family dwelling". Thus, his use was not authorized "by the issuance of a certificate of use."

While Joy argues that the certificate of use, for which a fee of $10 is required, is an unimportant and generally routine procedure in the scheme of zoning enforcement in Anne Arundel County, we do not see it that way.

Zoning laws are an exercise of the police power of government for the protection of public health, safety, morals, and general welfare, *Euclid v. Ambler Realty Co.,* 272 U.S. 365 (1926). An important tool to help assure that these protections are afforded through the enforcement of zoning laws is the building or occupancy permit, to which the certificate of use is clearly kin. A sensible plan of regulation may well include provisions whereby the appropriate authorities are given the opportunity to determine, before a particular use of property is started, whether the proposed use is in fact consistent with the regulations designed to protect the pub-

lic, see 3 Anderson, *American Law of Zoning* § 13.03 (2d ed. 1977). A county need not await actual use of land, and possible public detriment, before it moves to enforce zoning regulations. Indeed, this case is illustrative of the benefits that should accrue from a pre-use determination of the legality of a proposed use. Had Joy applied early on for the certificate, all the issues raised but not decided in this lengthy and acrimonious litigation, with respect to what activities are permitted in a W-2 District, would have been decided before any substantial expenditures by Joy and before any possible harm to the public.

The Court of Appeals long ago recognized the importance of obtaining a required permit prior to use of land. In *Patapsco Elec. Co. v. Baltimore City,* 110 Md. 306, 72 A. 1039 (1909) a statute required approval "before erecting poles or stringing wires upon any of the avenues of travel" within Baltimore. Patapsco Electric Company installed poles and wires without obtaining the requisite permission. The court held that the statutory provision made "the obtaining of consent or permission of the city a condition precedent to" doing business, *id.,* at 312, 72 A. at 1042. It affirmed the issuance of an injunction directing Patapsco to remove the offending poles and wires.

Similarly, in *Adams v. Commissioners of Trappe,* 204 Md. 165, 102 A.2d 830 (1954) a town ordinance prohibited the construction of any gasoline pump or other structure in the town of Trappe without a permit from the commissioners. Adams, although denied a permit, erected a gasoline pump and placed a tank beneath a public street. While the Court of Appeals, in affirming an injunction requiring the removal of the pump and tank, discussed at some length the law of nuisance, it also stressed that Adams had defied the public authorities by acting without the required permit.

More directly in point is another case which arose in Anne Arundel County, *Laque v. State,* 207 Md. 242, 113 A.2d 893 (1955). This case, cited by Joy, actually supports the county's position. Laque, who operated a junkyard, was unsuccessful in efforts to obtain a certificate of occupancy based on a prior non-conforming use. When Laque continued to operate the

junkyard, a criminal prosecution was commenced, and Laque was convicted. The basis of the prosecution and conviction was that Laque was operating the junkyard without the requisite certificate.

In affirming the conviction, the Court of Appeals held that Laque could not, in the criminal case, relitigate the propriety of the denial of the certificate. It said "[t]he situation is simply that the appellant does not have a 'certificate of occupancy' authorizing the use of the property as a junkyard", *id.,* at 252, 113 A.2d at 897. This was a sufficient basis for sustaining the conviction.

*Harris Used Car Co. v. Anne Arundel County,* 257 Md. 412, 263 A.2d 520 (1970), also cited by Joy, is not to the contrary. In that case, the issue of enjoining a use merely because of the lack of a certificate simply was not raised or discussed.

Here, as in *Laque,* the appellant did not have the requisite certificate. This is undisputed. Nor is it a sufficient answer to say that he had applied for the certificate or that the court merely should have ordered him to apply. The requirement imposed by the County Code as a condition precedent to use of land other than for a single family dwelling, is the "issuance of a certificate of use." The lack of the certificate provides a sufficient factual and legal predicate for granting the county's motion for summary judgment. Whatever other facts may have been disputed, they were not material to the question of whether Joy had or had not obtained the certificate. There was no dispute as to the one material fact required to support the circuit court's action. Hence summary judgment was properly entered under Maryland Rule 610.

That same lack of dispute provided a sufficient basis for the injunction. The County Code, in § 13-300.2 authorizes criminal sanctions for violations of the zoning subtitle, and further provides:

(c) The provision of this Section shall not in any
way preclude the county from enforcing this

Subtitle by any and all other legal means, in law or in equity.

While Joy seemingly contends that a zoning violation may not be enjoined absent a showing of irreparable injury, this rule applies only when private parties are the plaintiffs. "In litigation between the government and a private party, the court is not bound by the strict requirements of traditional equity as developed in private litigation." *State Dep't. v. Baltimore County,* 281 Md. 548, 555, 383 A.2d 51, 55 (1977). When a political subdivision seeks injunctive relief against a zoning violation, it need not prove damages or irreparable injury to it. That is because the political subdivision "may be considered to be acting on behalf of all property owners within [it] to enforce their right to require conformity with the ordinance as the quid pro quo for their own submission to the restrictions imposed on their property"; 3 Rathkopf, *The Law of Planning and Zoning,* pp. 45-6, 45-7 (4th ed. 1981); *see also Mager v. Hilltown Township,* 293 A.2d 631 (Pa. Comm. 1973) and 8A McQuillan, *Municipal Corporations,* § 25.344, (3d ed. 1976).

*Airlift Ltd. v. Commissioners of Worcester County,* 262 Md. 368, 278 A.2d 244 (1971) is not to the contrary. In that case, there was certainly evidence that the rock concert that was enjoined would have had various adverse effects. But the court did not hold that no injunction could issue without such proof. Rather, it emphasized that the concert promoters had failed to obtain various permits required by local and State laws.

### Granting Summary Judgment After Previous Denial

Joy also argues that because the Circuit Court denied a motion for summary judgment in 1980, it could not grant the 1981 motion. *Burrell v. Frisby,* 212 Md. 181, 129 A.2d 75 (1957) held that when the second motion for summary judgment was based on essentially the same grounds as a prior motion, which had been denied, there was no error in denying the second motion. But it is clear not only that summary judgment may be granted at any stage of the pro-

ceedings, *Placido v. Citizens Bank and Trust Co.,* 38 Md.
App. 33, 379 A.2d 773 (1977), but also that summary judg-
ment may be granted at a later point in a case, even though
denied at an earlier one, *Mueller v. Payn,* 30 Md. App. 377,
352 A.2d 895 (1976), *cert. den.,* 277 Md. 739 (1976). This is
particularly true when, as here, the basis for granting the
second motion (the lack of the certificate of use) was not
raised in connection with the first motion for summary judg-
ment. The undisputed absence of the certificate was not
presented to the court until the county's 1981 motion. The
court had not previously passed on this issue.

Nor do Joy's claims about asserted delays and difficulties
in obtaining the certificate assist him. Delay in enforcing
permit provisions, or failure to enforce them against others,
is not generally a defense, 3 Rathkopf, *The Law of Zoning,*
pp. 45-32, 45-34, (4th ed. 1981). Despite the clear language
of the County Code, it is plain that Joy used the property for
years, in the face of official objections, and that he never
even attempted to apply for a certificate of use until after the
instant suit had been filed.

In light of the absence of any dispute of material fact on
the issue of Joy's failure to obtain a certificate of use, we hold
that the Circuit Court for Anne Arundel County properly
granted the county's second motion for summary judgment
and properly ordered an injunction to issue.

*The Scope of the Injunction*

The remaining issue involves Joy's contention that the
injunction issued on December 10, 1981, was both overbroad
and too vague. The chancellor's order said:

> [1] ORDERED, that Defendants are enjoined from
> bringing or permitting the bringing of any debris,
> industrial or other wastes or any other materials on
> to the subject property; and it is further,
> [2] ORDERED, that Defendants remove all debris,
> industrial or other wastes or any other materials on
> the subject site, subject to the approval of the
> Maryland State Office of Environmental Programs

of the Department of Mental Health and Hygiene within *60* days of this Order; and it is further,

[3] ORDERED, that Defendants are to restore the property to its original topography unless the Maryland State Office of Environmental Programs of the Department of Mental Health and Hygiene directs otherwise within *60* days of this Order; and it is further,

[4] ORDERED, that Defendants are to use the subject property now and in the future only in compliance with the Anne Arundel County Zoning Ordinance and any other County laws and statutes, and it is further,

[5] ORDERED, that before Defendants make use of the property, they must apply for and obta-n [*sic*] a zoning certificate of use as required by Sections 13-300.3 and 13-338.1 of the Anne Arundel County Code.

Certainly, the last two paragraphs of the injunction order are unexceptionable. They merely require Joy to comply with the County Code. Nor does there seem to be any substantial basis for objecting to the first paragraph, which in effect does the same thing, by ordering Joy not to bring materials on the property, by implication, while he lacks a certificate of use. The Circuit Court had before it ample evidence of Joy's continuing activities on the property, and of his disposition to defy the county authorities.[2]

As to the second paragraph of the order directing Joy to remove materials from the property, this also was appropriate. Joy brought materials onto the property in connection with activities that were unlawful because he had failed to obtain the necessary certificate of use. It was not unreasonable for the chancellor to order him to remove

---

2. During the proceedings, the court inspected the property; it made findings of fact as to Joy's use of the property in its October 31, 1980, interlocutory injunction order. Joy was later found in contempt for violation of that injunction, Joseph F. Joy v. Anne Arundel County, No. 571, September Term, 1981 (Md. App., Dec. 30, 1981, Unreported).

them. This was the relief granted in *Adams v. Trappe* and *Patapsco Elec. Co. v. Baltimore,* both *supra,* where structures had been erected without obtaining the required permits; *see also Harris Used Car Co. v. Anne Arundel County, supra.*

The third paragraph, ordering Joy to return the property to its original topography, presents more difficulty. The record appears to contain no evidence of what the "original" topography of the property was (whatever date "original" may refer to) or how Joy changed it. Thus, it is not clear just how Joy is to comply with this paragraph, or how he might defend himself against a charge of contempt for its violation.

Maryland Rule BB 78.a provides that "[a]n order granting an injunction . . . shall be specific in terms; and shall describe in reasonable detail . . . the act sought to be required or commanded." For failure to meet this requirement, we struck down an injunction which required the defendant "to take such actions as shall be necessary to prevent any future flooding of the Plaintiff's property. . . ." *Franzen v. Budinak,* 45 Md. App. 728, 415 A.2d 621 (1980); aff'd, 290 Md. 65, 427 A.2d 1002 (1981).

We think that the requirement that Joy "restore the property to its original topography" was too vague and overbroad to comply with Maryland Rule BB 78.a. Since this defect may be corrected by amendment of the pleadings, taking additional evidence, and the preparation of a more detailed and specific injunction order, we shall vacate as to the third paragraph of the order of December 10, 1981, and remand for further proceedings, Md. Rule 1071.a.

> *Motion to dismiss appeal denied.*
> *Judgment affirmed in part and vacated in part; case remanded under Rule 1071 for further proceedings not inconsistent with this proceeding.*
> *Costs to be paid 90% by appellant and 10% by appellee.*